D AY  P ITNEY  LLP

One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300

A TTORNEYS  F OR  D EFENDANTS
Lincoln 1st Bank, Lincoln Park Bancorp.,
LP Investment Company, and Lincoln Park Bancorp MHC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID BAKER, | : | Civil Action No: |
| Plaintiff, | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | (Document Filed Electronically) |
| LINCOLN PARK BANCORP, LP INVESTMENT COMPANY, LINCOLN PARK BANCORP MHC, LINCOLN 1ST BANK, THE BOARD OF DIRECTORS OF LINCOLN 1ST BANK, and STEPHEN DORMER, in his capacity as CHIEF EXECUTIVE OFFICER, jointly and severally, and in the alternative, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

Defendants Lincoln 1st Bank, Lincoln Park Bancorp, LP Investment Company, and Lincoln Park Bancorp MHC (hereafter referred to as the "Bank defendants") file the within Notice of Removal and state in support of the Notice of Removal that:

105951588.2

1.      This action was commenced in the Superior Court of New Jersey, Law Division, Morris County, by the filing of a Complaint on April 22, 2020, and is entitled David Baker v. Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, the Board of Directors of Lincoln 1st Bank, and Stephen Dormer, in his capacity as Chief Executive Officer, jointly and severally, and in the alternative, Docket Number MRS-L-925-20.   True and correct copies of the Complaint, Summonses, Civil Case Information Statement, and Affidavits of Service are attached hereto as Exhibit A.

2.      On June 29, 2020, plaintiff David Baker ("plaintiff") filed the Affidavits of Service attached hereto with Exhibit A, attesting that this Complaint was served on the Bank defendants, the "Board of Directors of Lincoln 1st Bank" and Stephen Dormer ("Dormer") on June 24, 2020.  Each Affidavit of  Service attests that service was effectuated by delivery of copies of the Summons and Complaint to Sufia Ahma, identified as the "Managing Agent" for each named defendant. Ms. Ahma is an employee of  Lincoln 1st Bank at its branch located in Montville, New Jersey.

3.      Dormer retired from his position at the Bank effective May 1, 2020, and Ms. Ahma is not authorized to accept service on his behalf.  Upon information and belief, Dormer has not been properly served in this action, either by delivery of the Summons and Complaint to Ms. Ahma, or by any other means.

4.      The Complaint and Summonses which merely identifies the "Board of Directors of Lincoln 1st Bank" does not sufficiently identify each of the Board members by name. Since the Board of Directors are individuals, attempted service of the Board of Directors by delivering the pleadings to a branch of the Bank is not effective personal service on the each of the members of the Board of Directors.  *See, e.g.*, *Curbison v. U.S. Government of New Jersey*, No. 05–5280, 2006 WL 3544560, at \*6 (D.N.J. Dec. 7, 2006).

105951588.2

5.      The Complaint was the first pleading served upon the Bank defendants setting forth the claims for relief upon which this action was based.  Dormer and the "Board of Directors" have not been properly served.

6.      This Notice of Removal is timely under 28 U.S.C. § 1446 (b), since it is being filed within thirty days after service of the initial pleading or document (i.e., the Complaint) that provides the grounds for this removal petition (i.e., federal question jurisdiction) on the last-served defendant.  *See Delalla v. Hanover Ins.*, 660 F.3d 180 (3d Cir. 2011).

7.      The Complaint, Summonses, Civil Case Information Statement, and Affidavits of Service represent all of the process, pleadings, or orders received by the Bank defendants.  No other hearings or other proceedings have taken place in this action to the Bank defendants' knowledge.

8.      The Complaint alleges a cause of action for "Breach of Duty Imposed by 12 CFR § 359.4(a)(4)."  (Ex. A, Third Count).  Specifically, plaintiff alleges that in the event the payment he seeks in this action constitutes a "golden parachute payment" as set forth in 12 CFR § 359.0(b), the defendants failed to discharge their duty to obtain concurrence from the Federal Deposit Insurance Corporation ("FDIC") that the payment was permissible.  (Ex. A, Third Count, ¶¶ 2-8).  Accordingly, the Third Count requires this Court to determine, *inter alia*, whether the payment at issue is a "golden parachute payment" under federal law, the duty imposed on defendants by federal law with respect to any such payment, whether such payment would be permissible under federal law, and whether defendants discharged their duty to obtain concurrence from the FDIC that the payment was permissible.

9.      Therefore, the Complaint asserts a federal question because this claim arises under federal law. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action properly is removed to this Court pursuant to 28 U.S.C. § 1441(a).

10.      All of the Bank defendants join in and consent to the removal of this action.

- 3 -

11. Dormer and the unnamed "Board of Directors" have not been served with the Summons or Complaint and, pursuant to 28 U.S.C. § 1446(b)(2)(A), their consent to removal of this action is not required.

12. This Court also has supplemental jurisdiction over plaintiff's other claims pursuant to 28 U.S.C. § 1367(a) because they are based on the same facts, and are part of the same controversy, as the federal claim.

13. The alleged events and omissions giving rise to plaintiff's claims occurred in New Jersey, such that venue is proper in the District of New Jersey.

14. The Bank defendants will give written notice of the filing of this Notice of Removal to all adverse parties, as required by 28 U.S.C. § 1446(d). In addition, the Bank defendants will give written notice of the filing of this Notice of Removal to non-party FDIC.

15. The Bank defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Morris County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Bank defendants request that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey.

DAY PITNEY LLP
Attorneys for Defendants
Lincoln 1st Bank, Lincoln Park Bancorp., LP
Investment Company, and Lincoln Park Bancorp
MHC

By:   /s/THERESA A. KELLY
THERESA A. KELLY
A Member of the Firm
One Jefferson Road
Parsippany, NJ  07054-2891
T: (973) 966 6300
tkelly@daypitney.com

DATED: July 13, 2020.

- 4 -

105951588.2

# EXHIBIT A

**WITHAM & KOZAN, P. A.**
2 Station Road
Lincoln Park, New Jersey 07035
(973) 305-4800
_email@withamandkozan.com_
By: Craig Kozan, Esq. (#035091988)
Attorneys for Plaintiff David Baker

| | |
|---|---|
| DAVID BAKER,<br><br>          Plaintiff,<br><br>vs.<br><br>LINCOLN PARK BANCORP,<br>LP INVESTMENT COMPANY,<br>LINCOLN PARK BANCORP MHC,<br>LINCOLN 1ST BANK, the BOARD<br>OF DIRECTORS OF LINCOLN 1ST<br>BANK and STEPHEN DORMER, in<br>his capacity as CHIEF<br>EXECUTIVE OFFICER, jointly,<br>severally, and in the<br>alternative,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: MORRIS COUNTY<br><br>  Docket No.:<br><br><br>     <u>Civil Action</u><br><br><br>     **COMPLAINT** |

Plaintiff, David Baker, residing at 55 Chapel Hill Road, Borough of Lincoln Park, County of Morris, State of New Jersey (hereinafter "Plaintiff"), by way of Complaint against the Defendants, Lincoln Park Bancorp, LP Investment Company, Lincoln

Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer in his capacity as Chief Executive Officer (hereinafter collectively "Defendants"), says:

<u>**FIRST COUNT**</u>
**(Defendants Lincoln Park Bancorp and
LP Investment Company - Breach of Contract)**

1.   The Plaintiff was an employee of the Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC, and Lincoln 1st Bank from October 1, 2006 and continuing up until the Plaintiff and the Defendants entered into a "Separation Agreement, Waiver and General Release" (hereinafter "Separation Agreement"), executed on March 12, 2019 and effective April 1, 2019.  A copy of that Separation Agreement is annexed to this Complaint as Schedule "A".

2.   As stated in the Separation Agreement (Schedule "A," Page 1 of 8), the Plaintiff was an employee of the Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC ("Mutual Holding Company") and Lincoln 1st Bank, who are "collectively referred to as 'Employer' or Lincoln1st'" in the parties' Separation Agreement.

3.   At the time the parties entered into the Separation Agreement, the Defendants, collectively "Lincoln1st," listed their address as 31 Boonton Turnpike, Lincoln Park, New Jersey. The current address for the Defendants is listed as 193 Chapin Road, Building D, Suite 1, Pine Brook, New Jersey.

-2-

4.      Defendant Stephen Dormer is and was at all times pertinent hereto the Chief Executive Officer of Defendant Lincoln 1st Bank.

5.      As the Separation Agreement states, Plaintiff remained an employee of Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC and Lincoln 1st Bank, at all times up until the effective date of the Plaintiff's separation from employment, April 1, 2019.

6.      Under the terms of the parties' Separation Agreement, the Plaintiff agreed to resign from his positions with Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC and Lincoln 1st Bank, effective as of the separation date of April 1, 2019.  (Schedule "A," Page 1 of 8, last two lines).

7.      In exchange for the Plaintiff's agreement to resign from his positions with Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC and Lincoln 1st Bank, under the terms of the parties' Separation Agreement, all the Defendants, collectively Lincoln1st, agreed to pay the Plaintiff "his regular salary, minus applicable deductions, for the period from the Separation Date to April 1, 2020. . .". (Schedule "A," Page 2 of 8).

8.      In addition, the Defendants all collectively agreed to pay the Plaintiff for accrued vacation and personal days, and to

-3-

provide for certain health & dental benefits.  (Schedule "A," Page 2 of 8).

9.    The Plaintiff has performed his obligations pursuant to the parties' Separation Agreement, having accepted a separation from his positions with Defendant Lincoln Park Bancorp, Defendant LP Investment Company, Defendant Lincoln Park Bancorp MHC and Defendant Lincoln 1st Bank, effective as of the separation date of April 1, 2019.

10.    To date, the Defendants have failed to make the agreed-upon payments to the Plaintiff for his "regular salary, minus applicable deductions," for the period from the Separation Date of April 1, 2019 through the agreed-upon date of April 1, 2020, and have failed to make the agreed-upon payments to the Plaintiff for accrued vacation and personal days.

11.    The Defendants Lincoln Park Bancorp and LP Investment Company, having failed to make the agreed-upon payments to the Plaintiff as set forth in Paragraph 10 above, are in breach of the parties' Separation Agreement.

12.    Neither the Defendant Lincoln Park Bancorp nor the Defendant LP Investment Company is or was, at any time pertinent hereto, a "bank" as defined by N.J.S.A. 17:9A-1(1) or an "insured depository institution or depository institution holding company" as defined by 12 USC §§1813, 1841.

-4-

13.    As such, the parties' Separation Agreement is fully enforceable, and the Defendants Lincoln Park Bancorp and LP Investment Company have no good faith defense in fact or in law to the Plaintiff's claim for breach of their contractual agreement to pay the Plaintiff his regular salary, minus applicable deductions for the agreed-upon period from the Separation Date of April 1, 2019 through April 1, 2020, as well as accrued vacation and personal days.

WHEREFORE, Plaintiff demands judgment against Defendants Lincoln Park Bancorp and LP Investment Company for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

## SECOND COUNT
**(Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer – Breach of Contract)**

1.    The Plaintiff repeats and re-alleges the allegations of the First Count of this Complaint, Paragraphs 1 through 13 above, as if set forth more fully and at length herein.

2.    Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer of Lincoln 1st Bank, have failed to make payment to the Plaintiff, as set forth in Paragraph 10 of the First Count, above, and are in breach of

their contractual agreement to pay the Plaintiff "his regular salary, minus applicable deductions, for the period from the April 1, 2019 Separation Date to April 1, 2020. . ." (Schedule "A," Page 2 of 8) as well as accrued vacation and personal days, based upon the factual allegations set forth in the First Count, above.

3.     The Defendant Lincoln 1st Bank is a "bank" as defined by N.J.S.A. 17:9A-1(1) and an "insured depository institution" as defined by 12 USC §1813; the Defendant Lincoln Park Bancorp MHC is a "depository institution holding company" as defined by 12 USC §1841.

4.     Notwithstanding these Defendants' status as described in Paragraph 2, above, the  parties' agreement to pay the Plaintiff "his regular salary, minus applicable deductions, for the period from the April 1, 2019 Separation Date to April 1, 2020. . ." is permissible under governing federal regulations.

WHEREFORE, Plaintiff demands judgment against Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer in his capacity as Chief Executive Officer, for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

**THIRD COUNT**
**(Defendants LP Investment Company, Lincoln Park Bancorp**

-6-

**MHC, Lincoln 1st Bank, its Board of Directors and
Stephen Dormer, in his capacity as Chief Executive
Officer - Breach of Duty Imposed by 12 CFR §359.4[a][4])**

1.      The Plaintiff repeats and re-alleges the allegations
of the First Count of this Complaint, Paragraphs 1 through 13
above, and the allegations of the Second Count of this Complaint,
Paragraphs 1 through 4 above, as if set forth more fully and at
length herein.

2.      On January 3, 2020, counsel for the Defendant Lincoln
1st Bank wrote to counsel for the Plaintiff herein (Schedule "B,"
attached), advising that the FDIC had informed "the Bank," via an
"FDIC Determination Letter," that the only "permissible" payments
which may be made to the Plaintiff by Defendant Lincoln 1st Bank
under the parties' Separation Agreement, were payments involving
medical and dental insurance premiums, and $5,884.61 of post-
termination salary paid by the Bank to Baker in April 2019".

3.      In that letter, counsel for the Defendant Lincoln 1st
Bank advised that the FDIC's "Determination Letter" was issued
"in response to the Bank's application for permission to make
Separation Payments, pursuant to section 1828(k) of the Federal
Deposit Insurance Act [12 USC §1828(k)] and Part 359 of the
FDIC's Rules and Regulations".  (Schedule "B," page 1).

4.      Pursuant to Part 359 of the FDIC's Rules and
Regulations, "[a]n insured depository institution or depository
institution holding company may agree to make or may make a

-7-

golden parachute payment if and to the extent that: (1) The appropriate federal banking agency, with the written concurrence of the Corporation, determines that such a payment or agreement is permissible. . .". 12 CFR §359.4(a).

5.    Assuming *arguendo*: (a) that the agreed-upon payments to Plaintiff at issue herein constitute a "golden parachute payment" as defined by 12 CFR §359.0(b); and (b) that the provisions of 12 CFR §359.0 *et seq*. apply to the parties' Separation Agreement herein, then 12 CFR §359.4(a)(4) imposes a duty on the Defendants Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors, and Stephen Dormer, in his capacity as Chief Executive Officer, as the insured depository institution or depository institution making a request for the concurrence of the FDIC that the "payment or agreement is permissible". 12 CFR §359.4(a)(1),(4).

6.    Assuming the applicability of the provisions of 12 CFR 359.0 *et seq*. to the Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors, and Stephen Dormer, in his capacity as Chief Executive Officer, then the nature of the duty imposed on these Defendants, pursuant to 12 CFR §359.4(a)(4), is that they "shall demonstrate that [they do] not possess and [are] not aware of any information, evidence, documents or other materials which would indicate that there is a reasonable basis to believe, at the time such payment is proposed to be made, that" the Plaintiff, as an "institution-affiliated

-8-

party" or "IAP," committed any one or more acts, as set forth in 12 CFR §359.4(a)(4)(i)-(iv).

7.    The Plaintiff alleges that the Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors, and Stephen Dormer, in his capacity as Chief Executive Officer failed to discharge their duty, pursuant to 12 CFR §359.4(a)(4), in making a request pursuant to 12 CFR §359.4(a)(1), to demonstrate that they did not possess and were not aware of any information, evidence, documents or other materials which would indicate that there was a reasonable basis to believe, at the time that contractual payments were proposed to be made, pursuant to the parties' Separation Agreement, that the Plaintiff committed any one or more of the acts set forth in 12 CFR §359.4(a)(4)(i)-(iv).

8.    The failure of the Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer, to discharge their duty pursuant to 12 CFR §359.4(a)(4), resulted in the FDIC's determination as set forth in counsel's January 3, 2020 letter (Schedule "B"), and proximately caused the Plaintiff's damages herein.

WHEREFORE, Plaintiff demands judgment against Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer in his capacity as

-9-

Chief Executive Officer, for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

### FOURTH COUNT
**(Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer – Breach of Implied Covenant of Good Faith & Fair Dealing)**

1.    The Plaintiff repeats and re-alleges the allegations of the First Count of this Complaint, Paragraphs 1 through 13 above; the allegations of the Second Count of this Complaint, Paragraphs 1 through 4 above; and the allegations of the Third Count, Paragraphs 1 through 8, above, as if set forth more fully and at length herein.

2.    By failing to discharge the duty imposed upon these Defendants by 12 CFR §359.4(a)(4), as set forth in the Third Count, above, and otherwise by their actions and/or failure to act, the Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer, destroyed the right of the Plaintiff to receive the full benefits of the parties' Separation Agreement, and thereby breached the implied covenant of good faith and fair dealing which exists in every contract entered into in the State of New Jersey.

WHEREFORE, Plaintiff demands judgment against Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank,

its Board of Directors and Stephen Dormer in his capacity as Chief Executive Officer, for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

**WITHAM & KOZAN, P.A.**
2 Station Road
Lincoln Park, New Jersey 07035
Tel. No. (973) 305-4800
Fax No. (973) 305-9004
*email@withamandkozan.com*
Attorneys for Plaintiff David Baker

By:    Craig Kozan, Esq. (#035091988)

Dated: April 22, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated.

**WITHAM & KOZAN, P.A.**
2 Station Road
Lincoln Park, New Jersey 07035
Tel. No. (973) 305-4800
Fax No. (973) 305-9004
*email@withamandkozan.com*
Attorneys for Plaintiff David Baker

By:    Craig Kozan, Esq. (#035091988)

Dated: April 22, 2020

-11-

## DESIGNATION OF TRIAL COUNSEL

Craig Kozan, Esq., of the law firm of WITHAM & KOZAN, P.A., is designated as trial counsel in this matter.

**WITHAM & KOZAN, P.A.**
2 Station Road
Lincoln Park, New Jersey 07035
Tel. No. (973) 305-4800
Fax No. (973) 305-9004
*email@withamandkozan.com*
Attorneys for Plaintiff David Baker

By:  Craig Kozan, Esq. (#035091988)

Dated: April 22, 2020

-12-

# ⫶ DAY PITNEY LLP

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

STEVEN A. CASH
Attorney at Law

555 11th Street NW
Washington, DC 20004-1300
T: (202) 218-3912 F: (202) 354-4911
scash@daypitney.com

January 3, 2020

**VIA UPS ONLY**

Craig Kozan, Esq.
Witham & Kozan, PA
Suite 2B
2 Station Road
Lincoln Park, NJ 07035-1775

Dear Mr. Kozan:

We write on behalf of our client, Lincoln 1st Bank ("Lincoln 1st" or the "Bank"), in connection with David Baker's post-separation compensation, salary and benefits (the "Separation Payments").

The Federal Deposit Insurance Corporation (the "FDIC"), in response to the Bank's application for permission to make the Separation Payments, pursuant to section 1828(k) of the Federal Deposit Insurance Act and Part 359 of the FDIC's Rules and Regulations, has informed the Bank, via a letter dated December 16, 2019 (the "FDIC Determination Letter"), that only the following payments are permissible:

a) $5,884.61 of post-termination salary paid by the Bank to Baker in April 2019;

b) $16,027.71 in medical and dental insurance premiums paid by the Bank on behalf of Baker between April 2019 and November 2019; and

c) additional payments (and an agreement to make such payments) by the Bank in the amount of $1,118.63 per month for 11 months to cover the cost of the Bank's employer share of Baker's medical and dental insurance premiums between December 2019 and November 2020.[1]

---

[1] Mr. Baker will be covered under the Group Medical and Group Dental plans until October 31, 2020. Beginning December 1, 2019 his contribution to the cost of coverage is $933.28 per month. Mr. Baker is reminded that he must remit his employee portion of the benefits contribution by the first of each month. Given the current timeframe, we ask that Mr. Baker remit his initial payment to cover the months of December 2019 and January 2020 ($1,866.56 in total) as soon as possible. Consistent with the terms of our benefits plans, employees must submit their portion of employee contributions to remain benefits eligible. If Mr. Baker does not timely submit his portion of the

104338538.2

104426033.1

**SCHEDULE "B"**

**(2 pages)**

**DAY PITNEY** LLP

Craig Kozan, Esq.
January 3, 2020
Page 2

The Determination Letter and its contents have been designated by FDIC as confidential supervisory information, the disclosure of which is strictly prohibited, pursuant to 12 C.F.R. Part 309 from disclosure to any party without the prior approval of FDIC. The FDIC has authorized the Bank to communicate the limited information herein to Mr. Baker or his counsel.

Regards,

Steven A. Cash

---

contributions, he will not be able to remain eligible for such benefits and we will not be able to remit our employer portion of the premiums. As such, Mr. Baker's benefits would terminate consistent with the terms of the applicable plan. Checks should be made payable to Lincoln 1st Bank and sent to the attention of Jean Strella, Director of Human Resources at 31 Boonton Turnpike, Lincoln Park New Jersey 07035.

104426033.1

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only | |
|---|---|
| Payment type: ☐ ck ☐ cg ☐ ca | |
| Chg/Ck Number: | |
| Amount: | |
| Overpayment: | |
| Batch Number: | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Craig Kozan, Esq. | (973) 305-4800 | Morris |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Witham & Kozan, P.A. | |

| Office Address | Document Type |
|---|---|
| 2 Station Road, Suite 2B<br>Lincoln Park, New Jersey  07035 | Complaint |
| | Jury Demand    ☐ Yes   ■ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| David Baker | David Baker vs. Lincoln Park BANCORP, LP Investment Company, Lincoln Park BANCORP MHC, Lincoln 1st Bank, the Board of Directors of Lincoln1st Bank & Stephen Dormer, in his capacity as CEO |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?   ☐ Yes   ■ No |
|---|---|---|
| 599 | ☐ Yes   ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
|---|---|
| ☐ Yes   ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | Name of defendant's primary insurance company (if known) |
|---|---|
| ☐ Yes   ■ No | ☐ None<br>■ Unknown |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? | If "Yes," is that relationship: |
|---|---|
| ■ Yes   ☐ No | ■ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)<br>☐ Familial   ☐ Business |

Does the statute governing this case provide for payment of fees by the losing party?     ☐ Yes   ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? | If yes, please identify the requested accommodation: |
|---|---|
| ☐ Yes   ■ No | |
| Will an interpreter be needed? | If yes, for what language? |
| ☐ Yes   ■ No | |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature:

**Side 2**



# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |

| | |
|---|---|
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |

| | |
|---|---|
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |

| | |
|---|---|
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |

| | |
|---|---|
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

### Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 274 | Risperdal/Seroquel/Zyprexa |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 286 | Levaquin |
| 289 | Reglan |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 295 | AlloDerm Regenerative Tissue Matrix |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 297 | Mirena Contraceptive Device |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |

| | |
|---|---|
| 601 | Asbestos |
| 623 | Propecia |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ Putative Class Action  ☐ Title 59  ☐ Consumer Fraud

Prepared by:
    David C. Dixon, Esq.

# SEPARATION AGREEMENT, WAIVER AND GENERAL RELEASE

By and between,

**LINCOLN 1ˢᵗ BANK,**
**a corporation of the State of New Jersey,**
**including its past and present parents,**
**subsidiaries, affiliates, officers, directors,**
**agents, servants, employees, legal**
**representatives, successors and/or assigns,**
**including, but not limited to**
**Lincoln Park Bancorp,**
**Lincoln Park Bancorp MHC,**
**and LP Investment Company,**
**having an address at**
**31 Boonton Turnpike,**
**Lincoln Park, New Jersey,**
**collectively referred to as "Employer" or "Lincoln1st",**

**and**

**DAVID BAKER,**
**including his successors, assigns**
**and estate, having an address at**
**55 Chapel Hill Road,**
**Lincoln Park, New Jersey,**
**referred to as "Employee"**

Lincoln1st and Employee mutually understand and agree that Employee has or will separate and/or be separated from his employment with Lincoln1st, as President of Lincoln 1ˢᵗ Bank, Lincoln Park Bancorp, Lincoln Park Bancorp MHC, and LP Investment Company, and any other position held with the same, and as Director of Lincoln 1ˢᵗ Bank, Lincoln Park Bancorp, Lincoln Park Bancorp MHC, and LP Investment Company, effective _March 31 ˢᵗ 20__ and agrees to the following:

1.      **Separation.** Employee and Lincoln1st mutually agree that Employee shall and is removed from his positions of employment with Lincoln1st, as of _Apr 1_, 2019 ("Separation Date"). Employee further hereby resigns from his positions as Director of Lincoln 1ˢᵗ Bank, Lincoln Park Bancorp, Lincoln Park Bancorp MHC, and LP Investment Company,

INITIAL: _____

**SCHEDULE "A"**
**(8 pages)**

effective as of the Separation Date.

2.    **Compensation, Salary & Benefits.**

*Salary.* Lincoln1st agrees to pay to Employee his regular salary, minus applicable deductions, for the period from the Separation Date, to ___April 1, 20,20, 2020~ (Thirteen (13) SD months)("Severance Payments"). Employee agrees that on and after ___April 1___, 2020, SD he shall not be entitled to any payments, of any kind, except as may be specifically set forth herein.

To the extent that Employee may be entitled to receive or has received any Director's fees, or Director's benefits, no such compensation or benefits shall accrue or be paid or payable by Lincoln1st to Employee after the Separation Date, with the exception of any previously accrued and vested benefits payable pursuant to the Director's Retirement Program, or other, applicable retirement plan.

*Health & Dental Benefits.* Lincoln1st agrees to pay for or provide or has paid for or provided to Employee, all commensurate and currently provided  Group Health & Group Dental coverage, <u>including elective family, spousal, and/or dependent coverage</u>, for the period from the Separation Date until the date of Employee's initial qualification for Medicare benefits, to wit: sixty-five (65) years of age (DOB: 1 / 2 /19 55), subject to required Employee contribution and regular, payroll deduction (<u>Note: Employee shall pay or reimburse Lincoln1st, for premiums for elective family, spousal, or dependent coverage provided in the period after Severance Payments end, and the date of Employee's initial qualification for Medicare benefits</u>). Employee agrees that on and after the date of Employee's initial qualification for Medicare benefits, he shall not be entitled to any further Group Health & Group Dental Benefits, or other health-related benefits, from Lincoln1st, except as may be specifically set forth herein, or as provided by law.   If, at any time during which Severance Payments are being paid pursuant to this Agreement, Employee should obtain or be provided with other or additional Health and/or Dental coverage, either under Medicare, a private plan or through Employee's subsequent employment, all Group Health & Group Dental payments by Lincoln1st shall cease, and Employee shall no longer receive any Group Health or Group Dental insurance benefits or coverage from Lincoln1st, except as may be available or provided by applicable law.

*Vacation time; Personal days.* Lincoln1st agrees to pay to Employee, three (3) weeks' of accumulated vacation time, and three (3) days' of accumulated personal days, accrued through the Separation Date, minus applicable deductions. within fourteen (14) days of the Separation Date. No additional vacation time or personal days will accrue following the Separation Date.

3.    **Release.**  Employee irrevocably and unconditionally releases and forever discharges Lincoln1st, its officers, directors, shareholders, account holders, employees, agents, representatives, parents, and affiliates, and its successors and assigns, from and against all claims, causes of action, damages, liability or expenses (including but not limited to attorneys fees and costs), whether known or unknown, which he may hold or which may accrue to

INITIAL: _____

Employee, arising out of his employment, or separation from employment with Lincoln1st.

Employee irrevocably and unconditionally releases, remits, acquits and discharges Lincoln1st, and its past and present parents, subsidiaries, officers, directors, agents, employees, successors and assigns, jointly and individually, from any and all claims, known or unknown, civil or criminal, vested or contingent, which Employee and/or his heirs, successors or assigns have or may have against Lincoln1st to the date of this Agreement and from any and all liability which Lincoln1st has or may have to Employee within designated as claims, demands, causes of action, obligations, damages, or liabilities arising from any and all bases, however denominated, including, but not limited to, any claim relating to Employee's employment and/or termination of employment (except worker's compensation claims) to the date of this Agreement including, but not limited to, any claims of harassment or discrimination (for example, on the basis of gender, race, age, national origin, handicap or disability or other protected category) under any federal, state or local law, rule or regulation including, but not limited to, the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act ("CEPA"), the Family and Medical Leave Act of 1993, the New Jersey Family Leave Act, as amended, or any claim arising under the Employment Retirement Income Security Act ("ERISA") (except for claims for vested benefits under ERISA), breach of contract, express or implied.

    **4.** Employee affirms, by signing this Separation Agreement, Waiver, and General Release ("Agreement") that he has filed no actions or charges against Lincoln1st relating to, or arising out of, employment with or termination of employment from Lincoln1st with any federal, state or local agency, court, or regulatory authority. Employee further agrees that he will not personally recover monies for filing any charge or complaint against Lincoln1st with any federal, state or local agency, court or regulatory authority, regarding his employment with or termination from Lincoln1st in the future.

    **5.** Employee further acknowledges that the only consideration for signing this Agreement is the terms stated in this Agreement, and that no other promises or agreements of any kind have been made to or with him by any person or entity whatsoever to cause him to sign this Agreement; that he is competent to execute this Agreement; he has been afforded twenty-one (21) days to consider the Agreement and has been advised in writing and given the opportunity to consult advisors, legal and otherwise, of his own choosing; that the consideration received for executing this Agreement is greater than that ordinarily provided by Lincoln1st under any severance plan, policy or practice; and that Employee fully understands the meaning and intent of this Agreement.

    **6. Waiver and Covenant Not to Sue.** Except any claims for personal injury, workers compensation or with regard to disability payments, Employee waives and agrees not bring or pursue any action, charge or complaint, in any court, administrative agency or other forum, and will not assist anyone in the bringing or pursuit of any action, charge or complaint, against Lincoln1st, any parent or affiliate, their officers, directors, shareholders, members,

INITIAL 

employees, agents, representatives, successors or assigns, including, but not limited to any claims under TITLE VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the New Jersey Law Against Discrimination, or any other Federal, State or Local employment discrimination or labor laws, or under any Lincoln1st policy, procedure, handbook or benefit plan. Employee further represents that he has not filed any complaint or charge, either formal or informal, against Lincoln1st relating to his employment, separation or retirement. Employee further represents and agrees that he will not personally recover monies for filing any charge or complaint against Lincoln1st in the future with any federal, state or local agency regarding his employment with, separation from, or retirement from Lincoln1st.

7.     While employed by Lincoln1st, Employee held a confidential position, and was afforded broad access, administrative control and responsibility for the operation of the entire business known as "Lincoln 1st Bank" ("Lincoln1st") and the computer system and related network systems serving Lincoln1st (hereinafter, "System").

8.     Employee agrees and represents that he has not caused, during the term of his employment with Lincoln1st, and will not cause, either directly, indirectly, remotely or through any other person or system, any intentional corruption of data, disruption of data, erasure of data, corruption, disruption or erasure of system software, corruption, alteration, disruption or erasure of archival procedures, physical damage to media, or cause, allow, or suffer any software, program, batch files, executable files or instructions to enter or remain in the System, whether now or in the future, which has or will cause corruption, alteration, disruption or erasure of data, system software, archival procedures, or media, and that Employee has not and will not, attempt, allow, suffer, or permit the gaining of access to the System, either directly, indirectly, remotely or by or through any other person or system.

9.     **Passwords.**  Employee agrees and represents that he has fully disclosed to Lincoln1st all passwords, storage procedures, hidden accounts, sign-in, encryption codes, and system passwords, utilized, created or known to him, for the System. Employee agrees and represents that he has not disclosed and will not disclose to any person any passwords, storage procedures, hidden accounts, and system passwords, utilized, created or known to him, for the System.

10.     **Keys, Personal Identification Numbers, Access Codes & Combinations.** Employee agrees and represents that he has turned-in to Lincoln1st all keys for all doors, lock-boxes, safes, cabinets, and other locked areas of the Lincoln1st premises, and has not made, will not make, cause to be made, or allow to be made, any copies of any of the foregoing keys. Employee agrees and represents that he has turned-in and disclosed to Lincoln1st all personal identification numbers, tokens, access codes and combinations, for all accounts, wire transfers, and other areas or systems, and has not made, will not make, cause to be made, or allow to be made, any copies of any personal identification numbers, tokens, access codes and combinations, and has not disclosed and will not disclose, to any third party, whether directly or indirectly, any personal identification numbers, tokens, access codes or combinations.

INITIAL 

11.    **Return of Property of Lincoln1st.** Employee agrees to return or has returned to Lincoln1st any and all property of Lincoln1st, including, but not limited to, all documents, forms, computers, laptops, electronic devices, keys, tokens, access codes, combinations, electronic media, and records of any description, and in any form.

12.    **Disclosure of Information.** Employee acknowledges that the information gained during the course of his employment, including, but not limited to, financial data, internal procedures, business techniques, customer lists or account information, and trade practices and all other information in the possession of Lincoln1st related thereto ("TRADE SECRETS"), are a valuable, special and unique asset of Lincoln1st. Employee, or any person, firm, association, partnership, business entity or corporation, owned managed, operated or controlled by Employee or employing him, have not, shall not, and will not disclose, permit the disclosure, or suffer the disclosure of all or any part of the TRADE SECRETS of Lincoln1st to any person, firm, association, partnership, business entity or corporation, for any reason or purpose. In the event that Employee breaches or threatens a breach of this paragraph, Lincoln1st shall be entitled to a temporary restraining order and injunction, from any court of competent jurisdiction, restraining and enjoining Employee, or any person, firm, association, partnership, business entity or corporation obtaining same or threatening to obtain same, from violating this paragraph. Nothing herein shall be construed to prohibit Lincoln1st from pursuing any other available remedies for such breach or threatened breach, including the recovery of damages.

Employee agrees that he will not disclose, whether directly or indirectly, any personal, confidential or proprietary information with respect to or involving Lincoln1st, and shall not, either directly or indirectly, make or cause to be made, any disparaging, adverse or defamatory statements, remarks or utterances, regarding Lincoln1st, its officers, directors, shareholders, employees, agents, representatives and affiliates, and its successors and assigns. Conversely, Employer shall not, whether directly or indirectly, release any personal, confidential or proprietary information with respect to or involving Employee, and shall not, either directly or indirectly, make or cause to be made, any disparaging, adverse or defamatory statements, remarks or utterances, regarding Employee. Furthermore, Employer agrees to provide no negative job recommendations to prospective employers of Employee, and will only confirm Employee's thirteen (13) years of service to Employer.

Nothing in this agreement will preclude Employee or Lincoln1st from testifying in any lawsuit, hearing or investigation which he (they) has (have) not brought or otherwise initiated whether such testimony is compelled by subpoena or operation of law.

13.    Employee agrees not to divulge the terms of this Agreement to anyone except his attorney, accountant, financial advisor, or spouse, except as required by law. To the extent that Employee does divulge the terms of this Agreement to his attorney, accountant, financial advisor, or spouse, Employee will advise them that they must not divulge the terms of this Agreement, and are bound by and subject to the non-disclosure provisions of this Agreement

INITIAL:

14.    By this Agreement, the parties do not admit misconduct or violation of any federal, state or local law, rule or regulation or of any policy or procedure. Rather, they seek to amicably resolve their separation. Accordingly, this Agreement shall not be admissible in any proceeding as evidence against, or any admission by, either party, except that the Agreement may be introduced in any proceeding to enforce the Agreement.

15.    **Return to Premises/Trespass.**  Employee acknowledges that he recognizes that federal and state banking regulations require the Employer to advise Employee that he may not return or remain in or about the premises owned or subject to the control of Lincoln1st, except for the transaction of business with Lincoln1st, as a customer of Lincoln1st, during regular business hours. Employee shall not enter upon or remain in any area in or about any premises owned or subject to the control of Lincoln1st, for any purpose, except for the transaction of business with Lincoln1st, as a customer of Lincoln1st, during regular business hours. Employee acknowledges that any violation of this paragraph shall constitute a trespass.

16.    **Restrictive Covenant.**  Employee acknowledges that Lincoln1st, as a New Jersey Savings Bank, is authorized and empowered to conduct & provide, and has, in fact conducted & provided, banking business, banking services, and banking operations, throughout the State of New Jersey. Notwithstanding, the parties recognize that the majority of banking business, services and operations of Lincoln1st, is conducted and provided primarily within the New Jersey counties of Morris, Bergen, Passaic, Essex, and Sussex (hereinafter, "Market Area").

Employee shall not, (a) for a period of thirteen (13) months following the Effective Date of this Agreement; and (b) within the Market Area, for any reason whatsoever, directly or indirectly, (1) found, work for, consult to, or assist in any way, within in a paid or unpaid capacity, any person, firm, or entity that competes with Lincoln1st; (2) work for, consult to, or assist in any way, within in a paid or unpaid capacity, any person, firm, or entity that is a current service provider to Lincoln 1st; (3) solicit for any entity other than Lincoln1st in or for any banking business, banking services, or banking operations within the Market Area; or (4) recruit, solicit, or employ, or assist in the recruitment, solicitation, or employment, of any current employees of Lincoln 1st.

17.    **Legal Counsel.**  Employee understands and has been advised that he is entitled to fully consider this Agreement for twenty-one (21) days. In addition, Employee understands that he may revoke this Agreement in writing within seven (7) days of signing it. Accordingly, this Agreement shall not become effective or enforceable, nor shall any consideration be paid, until after the revocation period has expired. Employee has been advised to consult Legal Counsel and other advisors of his own choosing, prior to signing and entering into this Agreement.

18.    **Informed Consent.**  Employee hereby acknowledges that he has reviewed and considered this Agreement, and has been informed of the right to review the terms of this Agreement with Legal Counsel and other advisors. Employee further states that he has carefully read the terms hereof, knows and understands its contents, knowingly, freely and voluntarily enters into this Agreement, and has signed this Agreement with the intention that he will be

INITIAL 

legally bound thereby.

**19.    Severability.** If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications and to this end, the provisions of this Agreement are declared to be severable.

**20.    Governing Law.** This Agreement shall be governed by, and shall be construed and interpreted in accordance with the laws of the State of New Jersey.

**21.    Effective Date.** It is understood and agreed that this Agreement shall not be effective or enforceable for a period of seven (7) days following the signing of the Agreement (the "Effective Date") and that Employee may revoke the Agreement for any reason during that period by written notice actually received during that time by Mr. Stephen Dormer, Chief Executive Officer, Lincoln 1st Bank, 31 Boonton Turnpike, Lincoln Park, New Jersey 07035. It is further understood that no payment shall be made in accordance with this Agreement until after the Effective Date.

**IN WITNESS WHEREOF, the undersigned have executed this SEPARATION AGREEMENT, WAIVER AND GENERAL RELEASE, this** 12th **Day of** March , **2019.**

Agreed and Accepted:

**WITNESS/ATTEST**

_Gerald D. Filanda_

[print name below signature]

Gerald D. Filandis

**Lincoln1st**

_Stephen Dormer_

**Stephen Dormer, Chief Executive Officer**

INITIAL:

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, INCLUDING ANY ATTACHMENTS, AND UNDERSTAND ALL OF ITS TERMS, INCLUDING THE FULL AND FINAL RELEASE OF CLAIMS SET FORTH ABOVE. I FURTHER ACKNOWLEDGE, THAT I HAVE NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS SEPARATION AGREEMENT, WAIVER AND GENERAL RELEASE BETWEEN LINCOLN 1st BANK AND DAVID VAN STEYN, AND THAT I HAVE HAD THE OPPORTUNITY TO HAVE THIS AGREEMENT REVIEWED BY MY ATTORNEY AND FINANCIAL ADVISORS. I ACKNOWLEDGE THAT I HAVE BEEN GIVEN TWENTY-ONE (21) DAYS TO REVIEW THIS AGREEMENT AND HAVE BEEN GIVEN SEVEN (7) DAYS TO REVOKE AFTER SIGNING.

**Agreed and Accepted:**

**WITNESS/ATTEST**                                    **EMPLOYEE**

_Gerald D. Filandro_                          _David Baker_                3/12/2019
                                              David Baker                (date)
[print name below signature]

_Gerald D. Filandro_

INITIAL: _____

Page 8 of  8

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-000925-20

**Case Caption:** BAKER DAVID  VS LINCOLN PARK BANCORP , MHC

**Case Initiation Date:** 04/22/2020

**Attorney Name:** CRAIG KOZAN

**Firm Name:** WITHAM  & KOZAN, PA

**Address:** 2 STATION ROAD SUITE 2B

LINCOLN PARK NJ 070350000

**Phone:** 9733054800

**Name of Party:** PLAINTIFF : Baker, David

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/22/2020                                                                                          /s/ CRAIG KOZAN
Dated                                                                                                    Signed

**WITHAM & KOZAN, P.A.**
2 Station Road
Lincoln Park, New Jersey 07035
(973) 305-4800
*email@withamandkozan.com*
By: Craig Kozan, Esq. (#035091988)
Attorneys for Plaintiff David Baker

| | |
|---|---|
| DAVID BAKER,<br><br>                Plaintiff,<br><br>vs.<br><br>LINCOLN PARK BANCORP,<br>LP INVESTMENT COMPANY,<br>LINCOLN PARK BANCORP MHC,<br>LINCOLN 1ST BANK, the BOARD<br>OF DIRECTORS OF LINCOLN 1ST<br>BANK and STEPHEN DORMER, in his<br>capacity as CHIEF EXECUTIVE<br>OFFICER, jointly, severally, and in the<br>alternative,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.:  MRS-L-000925-20<br><br><br>            <u>Civil Action</u><br><br><br>            **SUMMONS** |

**FROM THE STATE OF NEW JERSEY TO THE DEFENDANTS NAMED ABOVE:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the day you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the County where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an

attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf

_Michelle M. Smith /s/_
Clerk of the Superior Court

Dated: June 23, 2020
Name of Defendant to be served:   Stephen Dormer
Address for service:                     193 Chapin Road, Bldg D, Suite 1, Pine Brook, NJ 07058

**WITHAM & KOZAN, P. A.**
2 Station Road
Lincoln Park, New Jersey 07035
(973) 305-4800
email@withamandkozan.com
By: Craig Kozan, Esq. (#035091988)
Attorneys for Plaintiff David Baker

|  |  |
|---|---|
| DAVID BAKER, | ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : ) : |
| Plaintiff, |  |
| vs. |  |
| LINCOLN PARK BANCORP, LP INVESTMENT COMPANY, LINCOLN PARK BANCORP MHC, LINCOLN 1ST BANK, the BOARD OF DIRECTORS OF LINCOLN 1ST BANK and STEPHEN DORMER, in his capacity as CHIEF EXECUTIVE OFFICER, jointly, severally, and in the alternative, |  |
| Defendants. |  |

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: MORRIS COUNTY

Docket No.:

Civil Action

**COMPLAINT**

Plaintiff, David Baker, residing at 55 Chapel Hill Road, Borough of Lincoln Park, County of Morris, State of New Jersey (hereinafter "Plaintiff"), by way of Complaint against the Defendants, Lincoln Park Bancorp, LP Investment Company, Lincoln

Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer in his capacity as Chief Executive Officer (hereinafter collectively "Defendants"), says:

**FIRST COUNT**
**(Defendants Lincoln Park Bancorp and**
**LP Investment Company - Breach of Contract)**

1.     The Plaintiff was an employee of the Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC, and Lincoln 1st Bank from October 1, 2006 and continuing up until the Plaintiff and the Defendants entered into a "Separation Agreement, Waiver and General Release" (hereinafter "Separation Agreement"), executed on March 12, 2019 and effective April 1, 2019.  A copy of that Separation Agreement is annexed to this Complaint as Schedule "A".

2.     As stated in the Separation Agreement (Schedule "A," Page 1 of 8), the Plaintiff was an employee of the Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC ("Mutual Holding Company") and Lincoln 1st Bank, who are "collectively referred to as 'Employer' or Lincoln1st'" in the parties' Separation Agreement.

3.     At the time the parties entered into the Separation Agreement, the Defendants, collectively "Lincoln1st," listed their address as 31 Boonton Turnpike, Lincoln Park, New Jersey. The current address for the Defendants is listed as 193 Chapin Road, Building D, Suite 1, Pine Brook, New Jersey.

-2-

4.     Defendant Stephen Dormer is and was at all times pertinent hereto the Chief Executive Officer of Defendant Lincoln 1st Bank.

5.     As the Separation Agreement states, Plaintiff remained an employee of Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC and Lincoln 1st Bank, at all times up until the effective date of the Plaintiff's separation from employment, April 1, 2019.

6.     Under the terms of the parties' Separation Agreement, the Plaintiff agreed to resign from his positions with Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC and Lincoln 1st Bank, effective as of the separation date of April 1, 2019.  (Schedule "A," Page 1 of 8, last two lines).

7.     In exchange for the Plaintiff's agreement to resign from his positions with Defendants Lincoln Park Bancorp, LP Investment Company, Lincoln Park Bancorp MHC and Lincoln 1st Bank, under the terms of the parties' Separation Agreement, all the Defendants, collectively Lincoln1st, agreed to pay the Plaintiff "his regular salary, minus applicable deductions, for the period from the Separation Date to April 1, 2020. . .". (Schedule "A," Page 2 of 8).

8.     In addition, the Defendants all collectively agreed to pay the Plaintiff for accrued vacation and personal days, and to

provide for certain health & dental benefits. (Schedule "A," Page 2 of 8).

9.   The Plaintiff has performed his obligations pursuant to the parties' Separation Agreement, having accepted a separation from his positions with Defendant Lincoln Park Bancorp, Defendant LP Investment Company, Defendant Lincoln Park Bancorp MHC and Defendant Lincoln 1st Bank, effective as of the separation date of April 1, 2019.

10.   To date, the Defendants have failed to make the agreed-upon payments to the Plaintiff for his "regular salary, minus applicable deductions," for the period from the Separation Date of April 1, 2019 through the agreed-upon date of April 1, 2020, and have failed to make the agreed-upon payments to the Plaintiff for accrued vacation and personal days.

11.   The Defendants Lincoln Park Bancorp and LP Investment Company, having failed to make the agreed-upon payments to the Plaintiff as set forth in Paragraph 10 above, are in breach of the parties' Separation Agreement.

12.   Neither the Defendant Lincoln Park Bancorp nor the Defendant LP Investment Company is or was, at any time pertinent hereto, a "bank" as defined by N.J.S.A. 17:9A-1(1) or an "insured depository institution or depository institution holding company" as defined by 12 USC §§1813, 1841.

-4-

13. As such, the parties' Separation Agreement is fully enforceable, and the Defendants Lincoln Park Bancorp and LP Investment Company have no good faith defense in fact or in law to the Plaintiff's claim for breach of their contractual agreement to pay the Plaintiff his regular salary, minus applicable deductions for the agreed-upon period from the Separation Date of April 1, 2019 through April 1, 2020, as well as accrued vacation and personal days.

WHEREFORE, Plaintiff demands judgment against Defendants Lincoln Park Bancorp and LP Investment Company for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

<u>SECOND COUNT</u>
**(Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer - Breach of Contract)**

1. The Plaintiff repeats and re-alleges the allegations of the First Count of this Complaint, Paragraphs 1 through 13 above, as if set forth more fully and at length herein.

2. Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer of Lincoln 1st Bank, have failed to make payment to the Plaintiff, as set forth in Paragraph 10 of the First Count, above, and are in breach of

-5-

their contractual agreement to pay the Plaintiff "his regular salary, minus applicable deductions, for the period from the April 1, 2019 Separation Date to April 1, 2020. . ." (Schedule "A," Page 2 of 8) as well as accrued vacation and personal days, based upon the factual allegations set forth in the First Count, above.

3.     The Defendant Lincoln 1st Bank is a "bank" as defined by N.J.S.A. 17:9A-1(1) and an "insured depository institution" as defined by 12 USC §1813; the Defendant Lincoln Park Bancorp MHC is a "depository institution holding company" as defined by 12 USC §1841.

4.     Notwithstanding these Defendants' status as described in Paragraph 2, above, the  parties' agreement to pay the Plaintiff "his regular salary, minus applicable deductions, for the period from the April 1, 2019 Separation Date to April 1, 2020. . ." is permissible under governing federal regulations.

WHEREFORE, Plaintiff demands judgment against Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer in his capacity as Chief Executive Officer, for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

### THIRD COUNT
(Defendants LP Investment Company, Lincoln Park Bancorp

MHC, Lincoln 1st Bank, its Board of Directors and
Stephen Dormer, in his capacity as Chief Executive
Officer - Breach of Duty Imposed by 12 CFR §359.4[a][4])

1.    The Plaintiff repeats and re-alleges the allegations
of the First Count of this Complaint, Paragraphs 1 through 13
above, and the allegations of the Second Count of this Complaint,
Paragraphs 1 through 4 above, as if set forth more fully and at
length herein.

2.    On January 3, 2020, counsel for the Defendant Lincoln
1st Bank wrote to counsel for the Plaintiff herein (Schedule "B,"
attached), advising that the FDIC had informed "the Bank," via an
"FDIC Determination Letter," that the only "permissible" payments
which may be made to the Plaintiff by Defendant Lincoln 1st Bank
under the parties' Separation Agreement, were payments involving
medical and dental insurance premiums, and $5,884.61 of post-
termination salary paid by the Bank to Baker in April 2019".

3.    In that letter, counsel for the Defendant Lincoln 1st
Bank advised that the FDIC's "Determination Letter" was issued
"in response to the Bank's application for permission to make
Separation Payments, pursuant to section 1828(k) of the Federal
Deposit Insurance Act [12 USC §1828(k)] and Part 359 of the
FDIC's Rules and Regulations". (Schedule "B," page 1).

4.    Pursuant to Part 359 of the FDIC's Rules and
Regulations, "[a]n insured depository institution or depository
institution holding company may agree to make or may make a

-7-

golden parachute payment if and to the extent that: (1) The
appropriate federal banking agency, with the written concurrence
of the Corporation, determines that such a payment or agreement
is permissible. . .". 12 CFR §359.4(a).

5.    Assuming *arguendo*: (a) that the agreed-upon payments to
Plaintiff at issue herein constitute a "golden parachute payment"
as defined by 12 CFR §359.0(b); and (b) that the provisions of 12
CFR §359.0 *et seq*. apply to the parties' Separation Agreement
herein, then 12 CFR §359.4(a)(4) imposes a duty on the Defendants
Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors,
and Stephen Dormer, in his capacity as Chief Executive Officer, as
the insured depository institution or depository institution
making a request for the concurrence of the FDIC that the "payment
or agreement is permissible". 12 CFR §359.4(a)(1),(4).

6.    Assuming the applicability of the provisions of 12 CFR
359.0 *et seq*. to the Defendants LP Investment Company, Lincoln
Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors, and
Stephen Dormer, in his capacity as Chief Executive Officer, then
the nature of the duty imposed on these Defendants, pursuant to
12 CFR §359.4(a)(4), is that they "shall demonstrate that [they
do] not possess and [are] not aware of any information, evidence,
documents or other materials which would indicate that there is a
reasonable basis to believe, at the time such payment is proposed
to be made, that" the Plaintiff, as an "institution-affiliated

-8-

party" or "IAP," committed any one or more acts, as set forth in
12 CFR §359.4(a)(4)(i)-(iv).

7.    The Plaintiff alleges that the Defendants LP
Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank,
its Board of Directors, and Stephen Dormer, in his capacity as
Chief Executive Officer failed to discharge their duty, pursuant
to 12 CFR §359.4(a)(4), in making a request pursuant to 12 CFR
§359.4(a)(1), to demonstrate that they did not possess and were
not aware of any information, evidence, documents or other
materials which would indicate that there was a reasonable basis
to believe, at the time that contractual payments were proposed
to be made, pursuant to the parties' Separation Agreement, that
the Plaintiff committed any one or more of the acts set forth in
12 CFR §359.4(a)(4)(i)-(iv).

8.    The failure of the Defendants LP Investment Company,
Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors
and Stephen Dormer, in his capacity as Chief Executive Officer,
to discharge their duty pursuant to 12 CFR §359.4(a)(4), resulted
in the FDIC's determination as set forth in counsel's January 3,
2020 letter (Schedule "B"), and proximately caused the
Plaintiff's damages herein.

WHEREFORE, Plaintiff demands judgment against Defendants LP
Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank,
its Board of Directors and Stephen Dormer in his capacity as

Chief Executive Officer, for damages, together with attorney's fees, costs of suit, pre-judgment and post-judgment interest, and any other relief such as the Court may deem equitable, just and proper under the circumstances.

### FOURTH COUNT
**(Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer - Breach of Implied Covenant of Good Faith & Fair Dealing)**

1.     The Plaintiff repeats and re-alleges the allegations of the First Count of this Complaint, Paragraphs 1 through 13 above; the allegations of the Second Count of this Complaint, Paragraphs 1 through 4 above; and the allegations of the Third Count, Paragraphs 1 through 8, above, as if set forth more fully and at length herein.

2.     By failing to discharge the duty imposed upon these Defendants by 12 CFR §359.4(a)(4), as set forth in the Third Count, above, and otherwise by their actions and/or failure to act, the Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer, destroyed the right of the Plaintiff to receive the full benefits of the parties' Separation Agreement, and thereby breached the implied covenant of good faith and fair dealing which exists in every contract entered into in the State of New Jersey.

WHEREFORE, Plaintiff demands judgment against Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank,

-10-

its Board of Directors and Stephen Dormer in his capacity as
Chief Executive Officer, for damages, together with attorney's
fees, costs of suit, pre-judgment and post-judgment interest, and
any other relief such as the Court may deem equitable, just and
proper under the circumstances.

> **WITHAM & KOZAN, P.A.**
> 2 Station Road
> Lincoln Park, New Jersey 07035
> Tel. No. (973) 305-4800
> Fax No. (973) 305-9004
> *email@withamandkozan.com*
> Attorneys for Plaintiff David Baker

By: Craig Kozan, Esq. (#035091988)

Dated: April 22, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of
any other action or arbitration proceeding, now or contemplated.

> **WITHAM & KOZAN, P.A.**
> 2 Station Road
> Lincoln Park, New Jersey 07035
> Tel. No. (973) 305-4800
> Fax No. (973) 305-9004
> *email@withamandkozan.com*
> Attorneys for Plaintiff David Baker

By: Craig Kozan, Esq. (#035091988)

Dated: April 22, 2020

-11-

## DESIGNATION OF TRIAL COUNSEL

Craig Kozan, Esq., of the law firm of WITHAM & KOZAN, P.A., is designated as trial counsel in this matter.

**WITHAM & KOZAN, P.A.**
2 Station Road
Lincoln Park, New Jersey 07035
Tel. No. (973) 305-4800
Fax No. (973) 305-9004
*email@withamandkozan.com*
Attorneys for Plaintiff David Baker

By: _____
Craig Kozan, Esq. (#035091988)

Dated: April 22, 2020

-12-

DAVID BAKER

**Plaintiff**

vs

LINCOLN PARK BANCORP, ET AL

**Defendant**

20200623153631

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 925 20

**Person to be served** (Name and Address):
LINCOLN PARK BANCORP
233 CHANGEBRIDGE ROAD
MONTVILLE  NJ
By serving: LINCOLN PARK BANCORP

**Attorney:** CRAIG KOZAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION

**Service Data:**     [X] Served Successfully      [ ] Not Served

Date/Time:     6/24/2020 9:29 AM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SOPHIA AHMA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F___ AGE:36-50  HEIGHT:5'0"-5'3"     WEIGHT:100-130 LBS.     SKIN:BROWN____   HAIR:BLACK___  OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:     Date/Time: _____
                        Date/Time: _____
                        Date/Time: _____

Other:
COPORATE CLOSED DUE TO COVID

**Served Data:**
Subscribed and Sworn to me this

_____24_____ day of ___June___, 20 _20_

Notary Signature:  KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 18, 2023
Name of Notary          Commission Expiration

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____     6 24 20 20
Signature of Process Server          Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

DAVID BAKER

|| |
||---|
|**Plaintiff**|

vs

LINCOLN PARK BANCORP, ET AL

|| |
||---|
|**Defendant**|

20200623153203

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 925 20

**Person to be served** (Name and Address):
LP INVESTMENT COMPANY
233 CHANGEBRIDGE ROAD
MONTVILLE  NJ
By serving: LP INVESTMENT COMPANY

**Attorney:** CRAIG KOZAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     6/24/2020 9:29 AM
[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SOPHIA AHMA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F___  AGE:36-50_  HEIGHT: 5'0"-5'3"___  WEIGHT: 100-130 LBS.___  SKIN:BROWN____  HAIR:BLACK____  OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:
COPORATE CLOSED DUE TO COVID

**Served Data:**
Subscribed and Sworn to me this
___24___ day of ___June___, 20 ___

Notary Signature: _____

KIMBERLY GROTE
Name of Notary  NOTARY PUBLIC OF NJ Commission Expiration
My Commission Expires Dec. 18, 2023

KIMBERLY GROTE
NOTARY PUBLIC
NEW JERSEY

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____   6/24/20 20
Signature of Process Server        Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952

DAVID BAKER

**Plaintiff**

vs

LINCOLN PARK BANCORP, ET AL

**Defendant**

20200623153710

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 925 20

**Person to be served** (Name and Address):
LINCOLN 1ST BANK
233 CHANGEBRIDGE ROAD
MONTVILLE NJ
By serving: LINCOLN 1ST BANK

**Attorney:** CRAIG KOZAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION

**Service Data:** [X] Served Successfully [ ] Not Served

Date/Time: 6/24/2020 9:30 AM _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SOPHIA AHMA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: F AGE: 36-50 HEIGHT: 5'0"-5'3" WEIGHT: 100-130 LBS. SKIN: BROWN HAIR: BLACK OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on: Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:
COPORATE CLOSED DUE TO COVID

**Served Data:**
Subscribed and Sworn to me this

24 day of June , 20 20

Notary Signature: _____
KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
Name of Notary My Commission Expires December 2023 Expiration

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____ 6/24/2020
Signature of Process Server Date

Name of Private Server: NICHOLAS CIULLO Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952

DAVID BAKER

Plaintiff

vs

LINCOLN PARK BANCORP, ET AL

Defendant

**Person to be served** (Name and Address):
LINCOLN PARK BANCORP MHC
233 CHANGEBRIDGE ROAD
MONTVILLE  NJ
**By serving:** LINCOLN PARK BANCORP MHC

**Attorney:** CRAIG KOZAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION

**Service Data:**      [X] Served Successfully          [ ] Not Served

Date/Time:     6/24/2020 9:30 AM     _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

||
20200623153743

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 925 20

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SOPHIA AHMA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F___  AGE:36-50  HEIGHT: 5'0"-5'3"    WEIGHT: 100-130 LBS.    SKIN:BROWN     HAIR:BLACK     OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:
COPORATE CLOSED DUE TO COVID

**Served Data:**
Subscribed and Sworn to me this

___24___ day of ____June____ , 20 _20_

Notary Signature: _____

KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
Name of Notary  Commission Expires Dec.     2023
Commission Expiration

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____          6/24/2020
Signature of Process Server          Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

DAVID BAKER

Plaintiff

vs

LINCOLN PARK BANCORP, ET AL

Defendant

**Person to be served** (Name and Address):
BOARD OF DIRECTORS LINCOLN 1ST BANK
233 CHANGEBRIDGE ROAD
MONTVILLE  NJ
By serving: BOARD OF DIRECTORS LINCOLN 1ST BANK

**Attorney:** CRAIG KOZAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION

**Service Data:**    [X] Served Successfully    [ ] Not Served

Date/Time:    6/24/2020 9:31 AM    _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

20200623153834

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 925 20

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SOPHIA AHMA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F____  AGE: 36-50  HEIGHT: 5'0"-5'3"____  WEIGHT: 100-130 LBS.____  SKIN:BROWN____  HAIR:BLACK____  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                       Date/Time: _____
                       Date/Time: _____

Other:
COPORATE CLOSED DUE TO COVID

**Served Data:**
Subscribed and Sworn to me this

24 day of June , 20 20

Notary Signature: _____

KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
Name of Notary    Commission Expiration
My Commission Expires Dec. 18, 2023

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____ 6/24/20 20
Signature of Process Server    Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

DAVID BAKER

Plaintiff

vs

LINCOLN PARK BANCORP, ET AL

Defendant

20200623153908

Superior Court Of New Jersey

MORRIS Venue

Docket Number: MRS L 925 20

**Person to be served** (Name and Address):
STEPHEN DORMER
233 CHANGEBRIDGE ROAD
MONTVILLE  NJ
By serving: STEPHEN DORMER

**Attorney:** CRAIG KOZAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     6/24/2020 9:32 AM ____          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SOPHIA AHMA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: F ___   AGE: 36-50   HEIGHT: 5'0"-5'3"   WEIGHT: 100-130 LBS.   SKIN: BROWN   HAIR: BLACK   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:           Date/Time: _____
                              Date/Time: _____
                              Date/Time: _____

Other:
COPORATE CLOSED DUE TO COVID

**Served Data:**
Subscribed and Sworn to me this

24 day of June , 20 20

Notary Signature: _____
KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
Name of Notary   Commission Expires Commission Expiration

I, NICHOLAS CIULLO, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____     6/24/20 20
Signature of Process Server        Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue, UNION, NJ 07083  Phone: (800) 672-1952