UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BAKER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LINCOLN PARK BANCORP, LP INVESTMENT COMPANY, LINCOLN PARK BANCORP MHC, LINCOLN 1ST BANK, THE BOARD OF DIRECTORS OF LINCOLN 1ST BANK, and STEPHEN DORMER, in his capacity as CHIEF EXECUTIVE OFFICER, jointly and severally, and in the alternative,<br><br>　　　　Defendants. | Civil Action No: 2:20-cv-8731 (SRC) (CLW)<br><br>(Document Filed Electronically) |

**BRIEF IN OPPOSITION TO PLAINTIFF DAVID BAKER'S
MOTION TO REMAND**

> Theresa A. Kelly, Esq.
> DAY PITNEY LLP
> One Jefferson Road
> Parsippany, NJ 07054
> 973-966-6300
> tkelly@daypitney.com
> Attorneys for Defendants
> Lincoln 1st Bank, Lincoln Park Bancorp, LPS Investment Company, and Lincoln Park Bancorp MHC

Return Date: September 8, 2020.

106103786.3

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1
PROCEDURAL HISTORY...........................................................................................................2
ARGUMENT .................................................................................................................................2
    I.    THE COMPLAINT ASSERTS A FEDERAL CAUSE OF ACTION. ................................2
    II.   THE BANK DEFENDANTS DO NOT NEED THE CONSENT OF THE MEMBERS OF THE BOARD OR MR. DORMER TO REMOVE THIS ACTION .........5
    III.  THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS AND THEY SHOULD NOT BE REMANDED..........................7
    IV.  PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES ................8
CONCLUSION..............................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Curbison v. U.S. Gov't of NJ*,
  No. 05–5280, 2006 WL 3544560 (D.N.J. Dec. 7, 2006) ...................................................5, 6

*De Asencio v. Tyson Foods, Inc.*,
  342 F.3d 301 (3d Cir. 2003) .................................................................................................8

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*,
  463 U.S. 1 (1983) .................................................................................................................3

*Hollenbeck v. Outboard Marine Corp.*,
  201 F. Supp. 2d 990 (E.D. Mo. 2001) ..................................................................................4

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
  140 F.3d 442 (2d Cir. 1998) .................................................................................................8

*Lane v. Champion Int'l Corp.*,
  844 F. Supp. 724 (S.D. Ala. 1994) .......................................................................................4

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
  136 S.Ct. 1562 (2016) ..........................................................................................................5

*Mims v. Arrow Fin. Servs., LLC*,
  565 U.S. 368 (2012) .............................................................................................................5

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966), *superseded in part by statute* ...........................................................8

**Statutes**

12 U.S.C. § 1828(k) .....................................................................................................................3

28 U.S.C. § 1367 ......................................................................................................................7, 8

28 U.S.C. § 1441(c) .....................................................................................................................8

28 U.S.C. § 1446(b)(2)(A) ...........................................................................................................5

**Regulations**

12 CFR § 359 ...............................................................................................................................5

12 CFR § 359.4(a) .......................................................................................................................3

12 CFR § 359.4(a)(4) ..................................................................................................................3

**Rules**

Fed. R. Civ. P. 4(e)(1) ..................................................................................................................7

Fed. R. Civ. P. 4(e)(2) ..................................................................................................................6

Fed. R. Civ. P. 16 .........................................................................................................................2

N.J. Rule 4:4-4(a)(1) ....................................................................................................................7

N.J. Rule 4:4-4(a)(4) ....................................................................................................................6

N.J. Rule 4:4-4(a)(6) ....................................................................................................................6

**PRELIMINARY STATEMENT**

In his Complaint filed on April 22, 2020, plaintiff David Baker alleges four counts against defendants Lincoln 1st Bank, Lincoln Park Bancorp, LPS Investment Company (improperly pleaded as "LP Investment Company"), and Lincoln Park Bancorp MHC (the "Bank defendants"), as well as the "Board of Directors of Lincoln 1st Bank," and former Lincoln 1st Bank executive Stephen Dormer (collectively with the Bank defendants, the "named defendants").  Plaintiff formerly held the position of President at Lincoln 1st Bank, and alleges that he was not provided severance payments due to him under a Separation Agreement that he entered into with the Bank at the time of his termination of employment.  Despite asserting a cause of action under federal law, plaintiff now seeks to remand this matter to state court.

In plaintiff's moving brief on his motion to remand, he asserts that the crux of the Complaint is a contractual dispute relating to the Separation Agreement that does not rise to the level of a "federal question" (Pl.'s Moving Brief, ECF No. 7, at 3-4).  This is a mischaracterization of the Complaint and the substance of the claims therein.  Specifically, the Third Count of the Complaint could not be more clear.  Plaintiff alleges: "Breach of Duty Imposed by 12 CFR § 359.4(a)(4)."  Plaintiff now seeks to marginalize his own cause of action, claiming that the federal law upon which it relies is merely "incidental" to the allegations therein.  Such obfuscations cannot change the fact that plaintiff's Complaint is grounded in federal law, and therefore belongs in federal court.

Nor is plaintiff correct that the Bank defendants failed to obtain consent from all defendants **properly joined and served**.  Plaintiff's claim that he attempted service on the Board of Directors of Lincoln 1st Bank (the "Board") under the rules providing for service upon **proprietors** or **corporations** is a red herring.  The members of the Board are individuals, not a corporation or business owners, and plaintiff did not properly serve them under the applicable

106103786.3

rules of court.  Similarly, plaintiff did not serve Mr. Dormer as an individual.  Therefore, the Bank defendants did not need their consent to join in this removal.

## PROCEDURAL HISTORY

Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Law Division, Morris County, on April 22, 2020.  (See ECF No. 1 at 6). Plaintiff filed Affidavits of Service, attesting that this Complaint was served on the Bank defendants, the Board, and Mr. Dormer on June 24, 2020.  (ECF No. 1 at 45-50).  Each Affidavit of Service attests that service was effectuated by delivery of copies of the Summons and Complaint to Sufia Ahmad, identified in the Affidavits of Service as the "Managing Agent" for each named defendant.  (ECF No. 1 at 45-50).  Ms. Ahmad is an employee of Lincoln 1st Bank at its branch located in Montville, New Jersey.

The Bank defendants removed the matter to this Court on July 13, 2020.  (ECF No. 1). Neither the Board nor Mr. Dormer joined in or consented to the removal, because, as set forth *infra*, neither has been properly served.  On July 27, 2020, plaintiff filed the instant motion to remand. (ECF No. 7).  The Bank defendants filed their Answer to the Complaint on August 3, 2020.  (ECF No. 8).  An initial conference pursuant to FED. R. CIV. P. 16 is currently scheduled for September 17, 2020.  (ECF No. 9).

This opposition is timely-filed, and the return date for plaintiff's motion is September 8, 2020.  (*See* this Court's Text Order dated July 27, 2020).  Plaintiff's motion must be denied.

## ARGUMENT

**I.     THE COMPLAINT ASSERTS A FEDERAL CAUSE OF ACTION**.

In this matter, plaintiff complains that the named defendants have failed to make agreed-upon payments to him under a "Separation Agreement, Waiver and General Release" (the "Agreement") entered into between him and Lincoln 1st Bank.  (See ECF No. 1 at 6).  He asserts

four separate causes of action, including Breach of Contract (First and Second Count), Breach of Duty Imposed by 12 CFR § 359.4(a)(4) (Third Count), and Breach of the Implied Covenant of Good Faith & Fair Dealing (Fourth Count). This case belongs in federal court because the Complaint explicitly alleges a claim grounded in federal law. "Any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law," and a defendant may remove that claim to federal court. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 24 (1983) (superseded by statute on other grounds).

After asserting that the named defendants failed to make all payments to him under the Agreement in the First and Second Counts, plaintiff explains the genesis for these events in the Third Count. He explains that counsel for Lincoln 1st Bank informed plaintiff (through his counsel) that the Federal Deposit Insurance Corporation ("FDIC") had determined that only certain of the payments set forth in the Agreement were "permissible" under 12 CFR § 359.4(a). (ECF No. 1 at 7). Significantly, 12 CFR § 359.4(a)(4) is part of a federal scheme of regulations governing, in relevant part, the ability of certain financial institutions to provide "golden parachute" payments to departing employees. These regulations were promulgated under federal law that provides that "The [FDIC] may prohibit or limit, by regulation or order, any golden parachute payment or indemnification payment." 12 U.S.C. § 1828(k). Plaintiff, a former executive of Lincoln 1st Bank who held the position of Bank President, claims in Count Three of the Complaint that the named defendants did not comply with these federal regulations prior to offering him the Agreement, by failing to provide certain certifications to the FDIC as required by these regulations. Specifically, he asserts in paragraph seven of the Third Count:

> [The named defendants] failed to discharge their duty, pursuant to 12 CFR § 359.4(a)(4) . . . to demonstrate that they did not possess and were not aware of any [information] that there was a reasonable basis to believe, at the time that the contractual payments were proposed to

>be made . . . that the Plaintiff committed any one or more of the acts set forth in 12 CFR § 359.4(a)(4)(i)-(iv).

(ECF No. 1 at 14). In short, plaintiff titles the Third Count as a breach of duty **imposed by federal law**. In summarizing the cause of action, he **explicitly states that the duty he claims was breached flows from federal law**. Simply put, any claim by plaintiff that federal law is not directly implicated by this cause of action is not supported by his own pleading.

While the Third Count speaks for itself, plaintiff is now asking the Court to remand this matter because the duty supposedly imposed by federal law is "merely incidental to the [p]laintiff's ancillary claim, under the Third Count." (ECF No. 7 at 4.). He goes on to claim that the Third Count "merely requires a Court to make a factual determination as to whether or not the Defendants breached their duty to provide information, documentation and materials, as imposed by that regulation." (ECF No. 7 at 4).

These arguments are unpersuasive "artful pleading." *See, e.g., Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) ("when dealing with federal jurisdiction, courts are not persuaded by evasion, artful pleading or jurisdictional shell games."); *Lane v. Champion Int'l Corp.*, 844 F. Supp. 724, 732 (S.D. Ala. 1994) ("[I]t is not [plaintiff's] prerogative to evade the constitutionally proper subject-matter jurisdiction of this court"). Plaintiff's Complaint is clear, and his efforts to minimize the Third Count as "ancillary" to the Complaint should be disregarded.

Even ignoring the plain language of the Complaint, and viewing the Third Count through plaintiff's preferred lens, the Complaint still clearly belongs in federal court. This Court has jurisdiction over the Complaint because it requires resolution of significant issues of federal law, and thus "arises under" federal law. "[A] federal court has jurisdiction of a state-law claim if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum

may entertain without disturbing any congressionally approved balance' of federal and state power." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S.Ct. 1562, 1570 (2016) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)); *see also, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 n.9 (2012) (accord).

Here, the Court must resolve whether the payment at issue is a "golden parachute payment" under federal law, whether there exists a duty imposed on defendants by federal law with respect to any such payment, whether such payment would be permissible under federal law, and whether defendants discharged their duty to seek concurrence from the FDIC that the payment was permissible. Plaintiff is incorrect in his assertion that the Complaint does not require the Court to resolve these questions. (ECF No. 7 at 4). Indeed, his Complaint even acknowledges that the cause of action asserted in the Third Count is based on the **assumption** that the payments to be issued to him under the Agreement are "golden parachute" payments, and the **assumption** that 12 CFR § 359 applies to those payments. Thus, the Court must resolve those "assumptions," along with other questions of federal law, in order to determine whether plaintiff is entitled to the relief he seeks.

Accordingly, the Complaint raises substantial and disputed issues of federal law, requiring resolution of his claims in federal court.

**II.     THE BANK DEFENDANTS DO NOT NEED THE CONSENT OF THE MEMBERS OF THE BOARD OR MR. DORMER TO REMOVE THIS ACTION**.

Only those defendants who have been "properly joined and served" must either join in or consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A). Plaintiff properly served the Bank defendants. He did not properly serve the Board or Mr. Dormer, and accordingly, the Bank defendants did not need their consent for removal.

As an initial matter, the members of the Board are individuals, not a corporation or proprietors. *Curbison v. U.S. Gov't of NJ*, No. 05–5280, 2006 WL 3544560, (D.N.J. Dec. 7, 2006),

cited in the Bank defendants' notice of removal, is directly on point. In that case, the plaintiff filed suit against the Bayer Corporation and a number of other defendants, including the Bayer Corporation's "Board of Directors." *Id.* at *1. The Honorable Jerome B. Simandle, U.S.D.J., granted the defendants' motion to dismiss as to the "Board of Directors" because the plaintiff failed to effectively serve process on those defendants. *Id.* at *6. In so holding, the Court explained that, "Because Bayer's … **Board of Directors are individuals**, Plaintiff bears the burden of proving that service was proper under [FED. R. CIV. P. 4(e)]."[1] *Id.* at *6 (emphasis added). Here too, the "Board of Directors of Lincoln 1st Bank" are individuals, not a corporation or other such entity. Accordingly, plaintiff needed to serve the Board of Directors and Mr. Dormer under the rules of civil procedure allowing for service on **individuals**. He did not. As a result, his claims that he effectuated service under New Jersey Court Rules 4:4-4(a)(4) (allowing for service "upon individual proprietors and real property owners") and 4:4-4(a)(6) (allowing for service on corporations) are of no moment.

Under the Federal Rules of Civil Procedure, service may be made on individuals by delivering a copy of the summons and complaint on the individual personally; or, leaving a copy of each at the individual's place of abode; or, delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2). The Federal Rules also provide that service on an individual may be completed by "following state law for serving a

---

[1] Plaintiff's strained efforts to minimize Judge Simandle's decision in *Curbison* should be disregarded. His citation to the rules of **Appellate** procedure have no bearing on this Court's ability to review and cite to relevant authority from the District of New Jersey. In any event, the fact that a Board of Directors is comprised of individuals, and is not a corporation, is self-evident. Finally, plaintiff's argument that *Curbison* "recognized [the] fundamental due process requirement" does nothing to change the case's import as cited by the Bank defendants. This Court has rules for service of process on individuals, and plaintiff must follow those rules.

summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

The New Jersey Rules essentially mirror the Federal Rules, providing that service on an individual may be made by delivering a copy of the summons and complaint to the person individually; or, by leaving a copy at the individual's dwelling or place of abode with a competent member of the house; or, by delivering a copy to a person authorized by appointment or by law to receive service of process on the individual's behalf. N.J. Rule 4:4-4(a)(1).

Plaintiff did not serve the members of the Board or Mr. Dormer personally or by leaving a copy of the summons and complaint at their dwellings or places of abode. Indeed, plaintiff acknowledges that he attempted service on these defendants by leaving a copy of the summons and Complaint with an employee of Lincoln 1st Bank. (ECF No. 7 at 6-7). But plaintiff has provided no evidence that Mr. Dormer, or any of the unidentified members of the Board, appointed Ms. Ahmad as an agent authorized to accept service of process on their behalf. Similarly, by failing to even identify the individual members of the Board whom he attempts to sue (or even whether he intends to sue either current members, former members, or both), plaintiff cannot meet his burden of showing that any such individual appointed Ms. Ahmad to accept service on his or her behalf.

Accordingly, plaintiff has not established that he properly served the individual defendants, and his motion to remand must be denied.

### III.  THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS AND THEY SHOULD NOT BE REMANDED.

Count Three of the Complaint arises under federal law. The remainder of plaintiff's claims arise from the same nucleus of operative facts. As a result, this Court has supplemental jurisdiction over the remainder of plaintiff's claims. 28 U.S.C. § 1367 provides that:

> [I]n any civil action of which the district courts have original jurisdiction [except diversity cases], the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Moreover, 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Federal courts have held consistently that claims arise out of the same "case or controversy" for supplemental jurisdiction purposes when they share a "common nucleus of operative fact" with the claims that supported the district court's original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), *superseded in part by statute*, 28 U.S.C.S. § 1367, *as recognized in Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003).

In this case, the claims brought by plaintiff arise out of the same set of factual allegations, and are all directed against the same set of defendants. The entire Complaint poses, ultimately, a single question: does federal law prevent the named defendants from making further payments to plaintiff under the Agreement? Indeed, by filing his claims as part of a single action, and re-alleging the allegations against defendants in each count of the Complaint, plaintiff has represented to this Court that his claims necessarily arise out of the same transaction or occurrence and common questions of law or fact.

## IV.   PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES.

As plaintiff notes in his moving brief, this Court "**may** award attorney's fees . . . only when the removing party lacked an objectively reasonable basis for seeking removal." (ECF No. 7 at 9). Clearly, those circumstances are not present here.  Plaintiff's motion should be denied, and

accordingly his request for fees should be denied as well.

## CONCLUSION

For all the foregoing reasons, defendants Lincoln 1st Bank, Lincoln Park Bancorp, LPS Investment Company, and Lincoln Park Bancorp MHC respectfully request that the plaintiff's motion to remand be denied.

DAY PITNEY LLP
Attorneys for Defendants
Lincoln 1st Bank, Lincoln Park Bancorp, LPS Investment Company, and Lincoln Park Bancorp MHC

By: *s/ Theresa A. Kelly*
    THERESA A. KELLY
    A Member of the Firm
    One Jefferson Road
    Parsippany, NJ  07054-2891
    T: (973) 966 6300
    tkelly@daypitney.com

DATED:  August 25, 2020.