NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID BAKER,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN PARK BANCORP, et al.,<br><br>Defendants. | Civil Action No. 20-8731 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

      This matter comes before the Court upon Plaintiff David Baker's ("Plaintiff" or "Baker") motion to remand, for lack of subject matter jurisdiction. Defendants Lincoln 1st Bank, Lincoln Park Bancorp, LPS Investment Company, and Lincoln Park Bancorp MHC (collectively, the "Lincoln Bank Defendants ") oppose the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Court finds that it has federal subject matter jurisdiction. The motion to remand will be denied.

### I.    BACKGROUND

      Baker had formerly held the position of President at Lincoln 1st Bank. Baker and Lincoln 1st Bank entered into a Separation Agreement, Waiver and General Release ("Separation Agreement") on March 12, 2019. Pursuant to the Separation Agreement, Plaintiff resigned, effective April 1, 2019, from all positions of employment and management at Lincoln 1st Bank, (and other entities identified herein as the Lincoln Bank Defendants) and in return was entitled to

various severance payments. This action arises out of the alleged failure to make various severance payments to Baker in violation of the Separation Agreement.

Plaintiff initiated this action on April 22, 2020 in the Superior Court of New Jersey, Law Division, Morris County. The Complaint sets forth four claims for relief against the Lincoln Bank Defendants and also against Defendants named as the Board of Directors of Lincoln 1st Bank ("Board of Directors") and Stephen Dormer ("Dormer"), who had signed the Separation Agreement in his capacity as the Chief Executive Officer of Lincoln 1st Bank.[1] One of the claims in the Complaint pleads a cause of action for "Breach of Duty Imposed by 12 CFR § 359.4(a)(4)." (Compl., Third Count.) Plaintiff alleges that if the agreed-upon payments at issue constitute a "golden parachute payment" as defined by 12 C.F.R. § 359.0(b), Defendants had a duty under 12 C.F.R. § 359.4(a) to ensure that the FDIC determined that the "payment or agreement is permissible." (Id., Third Count ¶ 5.) Baker further alleges that Defendants failed to discharge that duty and, as a result, did not make various payments to Baker pursuant to the Separation Agreement, citing the FDIC's December 16, 2019 determination regarding permissible payments to explain their actions. (Id., Third Count ¶ 7.) The Complaint avers as follows:

> The failure of the Defendants LP Investment Company, Lincoln Park Bancorp MHC, Lincoln 1st Bank, its Board of Directors and Stephen Dormer, in his capacity as Chief Executive Officer, to discharge their duty pursuant to 12 CFR § 359.4(a)(4), resulted in the FDIC's determination as set forth in counsel's January 3, 2020 letter . . . and proximately caused the Plaintiff's damages herein.

(Id., Third Count ¶ 8.)

---

[1] The Lincoln Bank Defendants note that Dormer "retired from his position at the Bank effective May 1, 2020." (Notice of Removal, ¶ 3.)

The Lincoln Bank Defendants removed this action to the United States District Court for the District of New Jersey on July 13, 2020 pursuant to 28 U.S.C. § 1441(a). The Notice of Removal asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because the claim for breach of duty imposed by 12 C.F.R. § 359(a)(4) arises under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because the remaining claims are part of the same controversy as the federal claim. The Notice further asserts that the removal is timely, under 28 U.S.C. § 1446, as the Lincoln Bank Defendants were served on June 24, 2020. According to the Notice of Removal and its attached exhibits, the attempted service on the other named Defendants, that is, the Board of Directors and Dormer, was not proper and thus their joinder in the removal is not required.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state court to federal court. Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). The Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning

whether the Court has subject matter jurisdiction must be resolved in favor of remand). Indeed, federal statutory law mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel–Bassett, 357 F.3d at 396.

The Lincoln Bank Defendants have removed this case pursuant to the subject matter jurisdiction conferred on this Court by 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Known as "federal question jurisdiction," section 1331 jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the "well-pleaded complaint" rule, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Caterpillar, 482 U.S. at 392 (holding that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.") Ordinarily, "a case arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013).

The Lincoln Bank Defendants have met their burden of establishing that the Court has federal question jurisdiction. The Third Count of the Complaint expressly pleads a claim for violation of federal law, asserting that Defendants have breached a duty existing by virtue of a

banking regulation cited as 12 C.F.R. § 359.4(a). As Defendants point out, this regulation is part of a scheme implementing the federal statute providing that "[t]he FDIC may prohibit or limit, by regulation or order, any golden parachute payment or indemnification payment." 12 U.S.C. § 1828(k). Baker argues that federal law is "merely incidental" to his cause of action because the claim does not actually require the Court to resolve a federal question, but rather, "merely requires a Court to make a factual determination as to whether or not the Defendants breached their duty to provide information, documentation and materials, as imposed by that regulation." (Pl. Mot., ¶ 5.) Contrary to Plaintiff's argument, federal law forms the core of the claim he sets forth in the Third Count of the Complaint. The claim alleges that Defendants are liable for Baker's failure to receive certain payments under the Separation Agreement as a result of their breach of duties created and imposed by a federal regulation. Specifically, it avers that prior to entering into the Separation Agreement, Defendants failed to obtain confirmation from the FDIC that the severance payments were permissible. Indeed, the Complaint expressly invokes the federal regulation governing Defendants' alleged misconduct as a basis for the claim. In short, the federal question is apparent on the face of the Complaint.

Moreover, under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims asserted in the remainder of the Complaint. Section 1367 provides that in actions over which a district court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Like the Third Count, for breach of the federal banking regulation, the claims set forth in the First, Second and Fourth Counts of the Complaint all

concern Defendants' alleged failure to make payments to Plaintiff under the Separation Agreement. As the state claims arise from the same nucleus of operative facts as the federal claim, the Court may exercise jurisdiction pursuant to Section 1367.

Plaintiff also seeks to remand this action on the grounds that the Lincoln Bank Defendants have failed to obtain consent to removal from the other named Defendants, as required by 28 U.S.C. § 1446(b)(2)(A). Remand is not warranted on this basis. Section 1446, which governs removal procedures, provides that only those defendants who "have been properly joined and served must join in or consent to the removal of the action." Id. The Lincoln Bank Defendants correctly point out that neither the Defendant named as the "Board of Directors" nor Stephen Dormer have been properly served.

As to the Board of Directors, the Affidavit of Service shows that service was made upon the "Board of Directors Lincoln 1st Bank" as a group, by personally delivering a summons and copy of the Complaint to Sophia Ahma, an individual who Plaintiff claims is the authorized agent of the Board of Directors.[2] However, although the Complaint has named the Board of Directors as if it were a single party, it is not a unitary, legally cognizable entity, akin to a corporation. Rather, the Board of Directors is comprised of individuals, who must each be served in accordance with Federal Rule of Civil Procedure 4(e). Curbison v. U.S. Gov't of New Jersey, 2006 WL 3544560, at *6 (D.N.J. Dec. 7, 2006). Rule 4(e) states that service upon an individual may be effected in the following manner:

---

[2] According to the Notice of Removal, Ms. Ahma is an employee of Lincoln 1st Bank at its branch in Montville, New Jersey.

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. Rule 4(e). In relevant part, the New Jersey service rule provides that service of process on an individual may be accomplished by

> causing the summons and complaint to be personally served within [New Jersey] . . . as follows:
>
> (1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual, or by leaving a copy thereof at the individual's dwelling place or usual place of abode ... or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf . . ..

N.J. Ct. R. 4:4-4(a)(1). "If service of process is made to 'a person authorized by appointment or by law to receive services of process' on an individual's behalf, the plaintiff bears the burden of proof 'that an alleged agent has specific authority, express or implied, for the receipt of process.'" Curbison, 2006 WL 3544560, at *6 (applying New Jersey law to determine whether service on a corporation's CEO and its board of directors was accomplished by delivering a copy of the summons and complaint on a person purported to be the agent of these parties) (quoting

7

Zoning Bd. of Adjustment of Sparta Tp. v. Service Elec. Cable Television of New Jersey, Inc., 198 N.J. Super. 370, 377 (App. Div.1985)).

In this case, Plaintiff Baker has provided no indication that the individual members of the Board of Directors were personally served, in accordance with the Federal Rule 4(e) or with the applicable New Jersey rule. In his motion to remand, Baker relies on New Jersey Rule 4:4-4 to argue that service was proper. Plaintiff, however, has not demonstrated that there is an express or implied agreement between Ahma and any of the individuals who comprise Lincoln 1st Bank's Board of Directors authorizing her to receive service of process.[3]

Similarly, as to Defendant Dormer, Plaintiff attempted to serve process by delivering the summons and complaint to Ahmad. He has provided no proof, however, that she was authorized to accept service Dormer's behalf. Thus, Dormer has not been personally served in accordance with the applicable federal or state rules.

Accordingly, the Court finds no procedural defect in the removal of this action for lack of consent or joinder.

---

[3] Plaintiff incorrectly invokes subsections (4) and (6) of that rule. Subsection (a)(4) governs service of process on individual proprieters of a business and real property owners and (a)(6) governs service of process on corporations. Neither applies to determine whether individual members of a company's board of directors, or an individual who previously served as its CEO, have been properly served.

**III.    CONCLUSION**

The Court is satisfied that is has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and that the action was properly removed under 28 U.S.C. § 1446. For the foregoing reasons, the Court will deny Plaintiff's motion to remand this action.

An appropriate Order will be filed.


_____s/ Stanley R. Chesler___
STANLEY R. CHESLER
United States District Judge

Dated:  September 22, 2020

9