# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BAKER,<br><br>                Plaintiff,<br><br>    v.<br><br>LINCOLN 1ST BANK, *et al*.<br><br>                Defendants. | **No. 2:20-cv-08731-SRC/CLW**<br><br>**Motion Day: December 7, 2020** |

## FEDERAL DEPOSIT INSURANCE CORPORATION'S
## MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION TO INTERVENE</u>

FEDERAL DEPOSIT INSURANCE CORPORATION
Barbara Katron (D.C. Bar #387970)
Senior Counsel, Corporate Litigation Unit

Erik Bond (N.Y. Bar #4316030)
Counsel, Corporate Litigation Unit
Tel.: (703) 562-6461
Fax: (703) 562-2477
Email: erbond@fdic.gov

3501 Fairfax Drive, D-7026
Arlington, VA 22226-3500

Dated: November 2, 2020

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  BACKGROUND .......................................................................................................... 3

     A.   The Golden Parachute Statute and Regulations ...................................................... 3

     B.   Mr. Baker's Litigation with the Bank Entities, and the FDIC's
          Administrative Process ........................................................................................... 4

III. ARGUMENT ................................................................................................................ 4

     A.   The FDIC is Entitled to Intervene as of Right Under Fed. R. Civ. P. 24(a). ........... 5

          1.   The FDIC's Motion to Intervene is Timely. ............................................... 6

          2.   The FDIC has a Legitimate Interest in the Subject Matter of this Case. .... 6

          3.   Denying the FDIC's Motion Risks Supplanting the FDIC's
               Administrative Process. ............................................................................. 7

          4.   Neither Party Can Adequately Represent the FDIC's Interests. ................. 7

     B.   In the Alternative, the FDIC Should be Allowed to Intervene Under Fed.
          R. Civ. P. 24(b)(2)'s Permissive Standards. ........................................................... 7

CONCLUSION .......................................................................................................................... 9

i

# TABLE OF AUTHORITIES

## CASES

*Choike v. Slippery Rock Univ. of Pennsylvania of State Sys. of Higher Educ.*,
    297 F. App'x 138 (3d Cir. 2008) .................................................................. 5, 6, 7

*City of Arlington v. FCC,*
    569 U.S. 290 (2013) ................................................................................................ 2

*Harris v. Pernsley,*
    820 F.2d 592 (3rd Cir. 1987) ................................................................................. 5

*Heaton v. Monogram Credit Card Bank* of *Ga.*,
    297 F.3d 416 (5th Cir. 2002) ............................................................................. 5, 6

*Knyal v. Office of Comptroller of Currency*,
    No. C 02-2851 PJH, 2003 WL 26465939 ............................................................. 3

## STATUTES

12 U.S.C. § 1828(k) ............................................................................................. 1, 2, 3, 8

12 U.S.C. § 1828(k)(1) ............................................................................................. 3, 6, 7

12 U.S.C. § 1828(k)(4)(A) ............................................................................................... 3

12 U.S.C. § 1828(k)(5)(D) ........................................................................................... 3, 6

## RULES

12 C.F.R. § 303.244 ...................................................................................................... 3, 6

12 C.F.R. § 359 ................................................................................................... 1, 2, 3, 6, 8

12 C.F.R. § 359.4 ............................................................................................................... 3

Fed. R. Civ. P. 24(a) ..................................................................................................... 1, 5

Fed. R. Civ. P. 24(a)(2) ...................................................................................................... 5

Fed. R. Civ. P. 24(b), ......................................................................................................... 1

Fed. R. Civ. P. 24(b)(2) .................................................................................................. 2, 7

Fed. R. Civ. P. 24(b)(2)(A) ............................................................................................... 5

Fed. R. Civ. P. 24(b)(2)(B) ........................................................................................................ 5

Fed. R. Civ. P. 24(c), ................................................................................................................ 1

## **REGULATIONS**

Administrative Procedure Act ("APA") ................................................................................ 2, 7

The Federal Deposit Insurance Corporation in its corporate capacity ("FDIC") hereby moves to intervene, either under Fed. R. Civ. P. 24(a) as of right, or, alternatively, under Fed. R. Civ. P. 24(b)'s permissive standards.  The FDIC is the federal agency charged by Congress with administrating the Federal Deposit Insurance Act ("FDI Act"), including 12 U.S.C. § 1828(k)'s restrictions on "golden parachute" payments made by financial institutions in "a troubled condition."  In this case, the FDIC has already issued a final administrative decision finding payments by defendant Lincoln 1st Bank ("Bank") are prohibited golden parachute payments, with limited exceptions.  The agency is now reviewing an October 22, 2020 application seeking a determination as to whether payments from defendants Lincoln Park Bancorp and Lincoln Park Bancorp MHC (together "Bancorp"), and LPS Investment Company ("LPS Investment") (collectively, with the Bank, the "Bank Entities") are covered by the FDIC's "golden parachute" statute and regulations, and if so, whether such payments are otherwise permissible.  *See* 12 U.S.C. § 1828(k); 12 C.F.R. § 359.  Because these questions are also before this Court, the FDIC has a clear interest in the substance of this action, and should be allowed to intervene.  Under Fed. R. Civ. P. 24(c), attached to the FDIC's Motion to Intervene and Stay Proceedings is a memorandum of law in support of a motion to stay, which sets out the position the FDIC intends to advocate, if the agency is permitted to intervene.  Counsel for the FDIC has conferred with counsel for Mr. Baker and counsel for the Bank Entities, and each ***do not object*** to the FDIC's intervention in and request to stay the case until the agency renders a decision on the October 22, 2020 application.

I.      INTRODUCTION

The FDIC has primary jurisdiction to "prohibit or limit, by regulation or order, any golden parachute payment," and the agency is entitled to deference in making these findings,

1

including findings as to its own administrative jurisdiction.  12 U.S.C. § 1828(k) *City of Arlington v. FCC*, 569 U.S. 290 (2013).  On this basis, the FDIC meets Rule 24(a)'s criteria for intervention as of right.  The FDIC is presently evaluating the October 22, 2020 application concerning whether payments from Bancorp and LPS Investment are subject to regulation under 12 U.S.C. § 1828(k) and otherwise permissible under 12 C.F.R. § 359 ("Part 359").  The FDIC understands that the parties will ask this Court to decide the same issues.  For this reason, the FDIC has a clear interest "relating to the property or transaction that is the subject of the action."

The FDIC's interest, as a federal bank regulator, cannot be virtually represented by the parties.  The FDIC is the federal agency charged with making "golden parachute" determinations in the first instance including whether payment from Bancorp or LPS Investment is permissible.  This Court should not issue golden parachute rulings in a vacuum while the agency decision-making process is underway.  When issued, the FDIC's final determination is reviewable by this Court under the Administrative Procedure Act ("APA").

The motion is timely, as this case is in its early stages.  The Part 359 applications that trigger the FDIC's administrative review process as to Bancorp and LPS Investment were only filed with the agency on October 22, 2020.  Against this backdrop, this Court should permit the FDIC to intervene as of right to seek a stay of this case until the administrative process concludes.  The parties do not object to the FDIC's proposed intervention and request to stay this case.

Alternatively, the FDIC moves for leave to intervene under Fed. R. Civ. P. 24(b)(2)'s permissive standards, as the FDIC is the federal agency charged by Congress to administer 12 U.S.C. § 1828(k), and has promulgated the implementing Part 359 regulations, 12 C.F.R. Part 359 , at issue here.  Respectfully, the FDIC's consent motion to intervene should be granted.

2

## II. BACKGROUND

### A. The Golden Parachute Statute and Regulations

In 1990, Congress amended the Federal Deposit Insurance Act (the "FDI Act") to include a provision related to golden parachute payments. 12 U.S.C. § 1828(k). Section 1828(k) defines such payments to include payments contingent on the termination of employment and made while an insured depository institution or "covered company" is in "a troubled condition." 12 U.S.C. § 1828(k)(4)(A).[1] To carry out Section 1828(k), Congress authorized the FDIC to "prohibit or limit, by regulation or order, any golden parachute" payment by any "insured depository institution" and any other "covered company." 12 U.S.C. §§ 1828(k)(1), (k)(4)(A), (k)(5)(D).

In 1996, after formal notice and comment rulemaking, the FDIC issued Part 359 regulations implementing Section 1828(k). *See* 12 C.F.R. Part 359; 12 C.F.R. § 303.244. To make an otherwise prohibited "golden parachute" payment, an application must be filed with FDIC. 12 C.F.R. § 303.244 spells out how applicants may obtain administrative determinations. Following the submission and review of a Part 359 application, the FDIC issues a written decision granting or denying approval to make the payment. In assessing a payment application, the agency may make findings as to whether the payment is subject to regulation; the agency also considers the evaluative factors under Part 359, which bear on the culpability and responsibility of the recipient of the proposed payment, the reasonableness of the proposed payment amount, and the purposes of Section 1828(k).[2]

---

1. Section 1828(k) "was enacted to provide a means of preventing executives who have been terminated from troubled depository institutions from draining money from those institutions." *Knyal v. Office of Comptroller of Currency*, No. C 02-2851 PJH, 2003 WL 26465939, at *14 (N.D. Cal. Nov. 25, 2003).
2. 12 C.F.R. § 359.4.

### B. Mr. Baker's Litigation with the Bank Entities, and the FDIC's Administrative Process

Mr. Baker executed the Separation Agreement with the Bank Entities in March 2019 calling for post-employment severance payments, shortly before his resignation effective April 1, 2019. In a December 16, 2019 final determination, the FDIC found that payments by the Bank under the Separation Agreement are prohibited golden parachute payments, with limited exceptions. On April 22, 2020, Mr. Baker initiated the present lawsuit against the Bank Entities in New Jersey state court. The Bank Entities removed the lawsuit to this Court on July 13, 2020. This Court denied Mr. Baker's motion to remand on September 22, 2020.

The Court held a case management conference with the parties on October 23, 2020, where the Court issued a minute entry stating that a "[s]tay on discovery is denied at this time. Discovery to proceed as to all parties and all claims. The parties will apprise the Court of any action by the FDIC." ECF No. 24. The FDIC understands that Mr. Baker asserts discovery is necessary as to the regulatory background of Bancorp and LPS Investment to support his claim that those entities are outside the scope of the FDIC's golden parachute regulations altogether.

On October 22, 2020, the Bank Entities filed the present application with the FDIC, seeking a determination as to whether payments from Bancorp or LPS Investment are subject to the golden parachute restrictions and whether such payments are permissible. The FDIC is reviewing the October 22, 2020 application, and will render an administrative decision. The FDIC believes these issues should be decided at the administrative level first.

### III. ARGUMENT

Rule 24 provides for intervention as "of right" and as a "permissive" matter—both grounds support allowing the FDIC to intervene here. Intervention as of right "must" be granted when the movant timely files a motion "claim[ing] an interest relating to the property or

transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Permissive intervention may be granted where the movant is a governmental agency, and the party's defense is based on a statute or regulation administered by that agency. Fed. R. Civ. P. 24(b)(2)(A), (B).

### A.     The FDIC is Entitled to Intervene as of Right Under Fed. R. Civ. P. 24(a).

This Court should allow the FDIC to intervene as of right because the agency has an interest in this case that is not adequately protected by either party. Under Fed. R. Civ. P. 24(a)(2), a party may intervene by right upon a showing, by timely motion, that the party:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). As such, Rule 24(a) mandates a showing by the moving party that: (1) the application is timely; (2) the movant has an interest in the subject matter of the action; (3) disposition of the action may practically impair or impede the movant's ability to protect that interest; and (4) that interest is not adequately represented by the existing parties. *Choike v. Slippery Rock Univ. of Pennsylvania of State Sys. of Higher Educ.*, 297 F. App'x 138, 140 (3d Cir. 2008) (citing *Harris v. Pernsley*, 820 F.2d 592, 602 (3d Cir. 1987)); *accord Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002) (reversing trial court and holding FDIC had right to intervene to show that FDI Act preempted state law). The FDIC's satisfies each of the Rule 24(a) criteria to intervene as of right.

### 1. The FDIC's Motion to Intervene is Timely.

The timeliness of a motion to intervene is "determined from all the circumstances," which include: "(1) [h]ow far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." *Choike.*, 297 F. App'x at 140 (internal citations omitted). Here, the FDIC promptly makes this request to intervene, in light of the October 22, 2020 application seeking permission for Bancorp and LPS Investment to make payment. This case is in its early stages, with discovery just begun. And neither Mr. Baker nor the Bank Entities object to the FDIC's request to intervene.

### 2. The FDIC has a Legitimate Interest in the Subject Matter of this Case.

The FDIC similarly meets the second factor for intervention as of right—whether the movant has an interest in the subject matter of the action. Congress delegated to the FDIC the authority to regulate banks, their holding companies, and any other "covered company" and to "prohibit or limit, by regulation or order, any golden parachute payment." 12 U.S.C. §§ 1828(k)(1), (5)(D). The FDIC, in turn, enacted regulations implementing Section 1828(k), and setting forth the administrative application procedure to enable the agency to make "golden parachute" determinations. *See* 12 C.F.R. Part 359; 12 C.F.R. § 303.244. Because a central issue in this case is whether or not the golden parachute restrictions apply to payment by Bancorp and LPS Investment and whether such payments are permissible, the agency's interest is clear. *See Heaton*, 297 F.3d at 424. The FDIC is presently considering those same issues on the administrative level.

### 3. Denying the FDIC's Motion Risks Supplanting the FDIC's Administrative Process.

The third consideration in the intervention as of right analysis involves whether "the interest may be affected or impaired, as a practical matter by the disposition of the action." *Choike*, 297 F.App'x. at 140. Here, if the FDIC is not allowed to intervene and the "golden parachute" issues are determined *de novo*, the administrative scheme set up by Congress would be frustrated. Congress delegated to the FDIC the authority to make golden parachute determinations, including jurisdictional determinations. 12 U.S.C. § 1828(k)(1). This includes authority to determine the threshold jurisdictional issue of whether payments by Bancorp and LPS Investment are subject to "golden parachute" restrictions, and also whether such payments are allowable. As set forth in the FDIC's memorandum of law in support of a motion to stay proceedings, the FDIC should make these determinations at the administrative level in the first instance, with subsequent judicial review available under the standards and procedures of the APA.

### 4. Neither Party Can Adequately Represent the FDIC's Interests.

The final consideration in whether to grant a motion to intervene as of right involves inquiry into whether the movant's interest is otherwise "adequately represented by an existing party in the litigation." *Choike*, 297 F. App'x. at 140. Because of the FDIC's unique status as a federal bank regulator, neither party could replicate the agency's interests. This factor strongly supports the FDIC's intervention as of right.

### B. In the Alternative, the FDIC Should be Allowed to Intervene Under Fed. R. Civ. P. 24(b)(2)'s Permissive Standards.

If the FDIC is not allowed to intervene as of right, the agency's motion should be granted under Fed. R. Civ. P. 24(b)(2) permissive framework. Rule 24(b)(2) authorizes a court to grant a

7

governmental agency permission to intervene if a party's claim or defense is based on a statute or regulation "administered by the . . . agency." The FDIC, as the agency charged by Congress with authority to administer the FDI Act and to "prohibit or limit, by regulation or order, any golden parachute payment" meets Rule 24(b)(2)'s standards. 12 U.S.C. § 1828(k); 12 C.F.R. Part 359. For this, and for the reasons addressed above, the FDIC's intervention under Rule 24(b)(2) would be warranted, if the agency is not permitted to intervene as of right.

## **CONCLUSION**

For the foregoing reasons, the FDIC respectfully requests that its consent motion to intervene be granted.

Dated:   November 2, 2020                              Respectfully submitted,

                                                    FEDERAL DEPOSIT INSURANCE CORPORATION
                                                    Barbara Katron (DC Bar #387970)
                                                    Senior Counsel

By: /s/ Erik Bond
ERIK BOND, NY Bar Reg. #4316030
Counsel, Corporate Litigation Unit
erbond@FDIC.gov

Federal Deposit Insurance Corporation
3501 N. Fairfax Drive, D-7026
Arlington, VA 22226-3500
Telephone: (703) 562-6461
Fax: (703) 562-2477

*Attorneys for Proposed Intervenor*
*Federal Deposit Insurance Corporation*

9